Robert J. CONNOLLY, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 83–1711–C.**

United States District Court, D. Massachusetts.

Feb. 14, 1984.

Robert E. Terk, Law Office of James F. Connors, Fitchburg, Mass., for plaintiff.

Joan I. Milstein, Asst. U.S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is an employment discrimination action brought by Robert J. Connolly against the United States Postal Service. Plaintiff claims that his employment with the Postal Service was terminated in violation of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. § 791 *et seq.* (1976 & Supp.1976–1981), and in violation of the fifth amendment of the United States Constitution. The case is before the Court on defendant's motion for summary judgment.

Plaintiff, a former letter carrier, was hired by the Postal Service in October 1979 and began working at the Fitchburg Post Office in December 1979. On June 8, 1981, plaintiff was issued a notice of proposed removal for (1) failure to meet the requirements of his position, (2) failure to be regular in attendance, and (3) excessive absenteeism. On June 15, 1981, plaintiff filed a grievance contesting his proposed removal. Nevertheless, the removal became effective July 20, 1981.

Plaintiff's grievance was submitted to arbitration on February 24, 1982, and a full hearing was held. On March 4, 1982, the arbitrator upheld the termination of plaintiff's employment as having been for "just cause." Later in March 1982, plaintiff telephoned the Equal Employment Opportunity ("EEO") Officer in the Worcester Post Office, James Malatos. Plaintiff contacted Mr. Malatos several times in an effort to make an appointment to lodge a complaint of handicap discrimination. An appointment was scheduled for April 9th, five days beyond the prescribed thirty day time limit for making such a complaint. Plaintiff says he was assured by Mr. Malatos, through an intermediary at Congressman Barney Frank's office, that there would be no problems regarding the timeliness of his EEO complaint.

Plaintiff, apparently orally, made an informal complaint of handicap discrimination to Mr. Malatos on April 9, 1982. Subsequently, on April 29, 1982, he filed a formal complaint of handicap discrimination with the Postal Service EEO Office for the Northeast Region. By letter dated June 21, 1982, the Northeast Region Office rejected plaintiff's complaint as untimely. On July 9, 1982, plaintiff appealed the Postal Service's decision to the Equal Employment Opportunity Commission ("EEOC"). On May 16, 1983, the EEOC affirmed the Postal Service's rejection of plaintiff's complaint as untimely. The plaintiff received a "Notice of Right to Sue" from the EEOC on or about May 20, 1983, advising him of his right to file a civil action in federal district court within thirty days. Plaintiff filed this lawsuit on June 14, 1983.

■ Based on the recited facts, defendant argues that it is entitled to summary judgment. First, defendant argues that plaintiff's fifth amendment claim must be rejected because plaintiff is limited to the statutory remedies provided for in the Rehabilitation Act. The Court agrees with defendant's contention. The 1978 Amendments to the Rehabilitation Act made available to federal employees who allege handicap discrimination all the remedies, procedures and rights available under Title VII of the Civil Rights Act of 1964. 29 U.S.C. § 794a(a)(1). Two years earlier, in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the Supreme Court held that the comprehensive remedial scheme of Title VII was intended to be the exclusive means for resolving claims of federal employment discrimination. Congress' subsequent incorporation of these same Title VII remedies into the Rehabilitation Act shows that Congress intended the statutory remedies to be the exclusive means for redressing handicap discrimination in federal employment. *Cagan v. United States Postal Service*, No. 81-0032-F, slip op. at 7-8 (D.Mass. December 13, 1982) (Freedman, J.). *See Shirey v. Devine*, 670 F.2d 1188, 1191 n. 7 (D.C.Cir.1982). For this reason, I rule that defendant's motion for summary judgment should be allowed as to plaintiff's constitutional claim.

■ Second, defendant argues that, as a matter of law, plaintiff is precluded from bringing his statutory claim because he has failed to exhaust his administrative remedies. Plaintiff's private right of action under § 501 of the Rehabilitation Act, *as amended*, 29 U.S.C. § 791, is subject to the same procedural restraints set forth in Title VII, including administrative exhaustion. *Prewitt v. United States Postal Service*, 662 F.2d 292 (5th Cir.1981). Defendant contends that plaintiff cannot satisfy the administrative exhaustion prerequisite because he failed to file a timely administrative complaint.

■ EEOC regulations require that a federal employee bring his complaint to the attention of an EEO counselor within thirty days of the alleged discriminatory conduct. 29 C.F.R. § 1613.214(a)(1)(i). "[T]he proper focus is on the time of the *discriminatory act*, not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8, 102 S.Ct. 28, 29, 70 L.Ed.2d 6 (1981) (emphasis in original). The period for filing an EEO complaint alleging unlawful termination therefore commences when the final decision to terminate is communicated to the employee. *Id.* Here, the record shows that a notice of proposed removal dated June 8, 1981, was sent to plaintiff, informing him of the Postal Service's decision to terminate his employment. A letter of decision dated July 13, 1981, was then sent by certified mail to plaintiff, notifying him that his removal was to be effective July 20, 1981. The record further establishes that on or before June 15, 1981, plaintiff had received actual notice of the Postal Service's decision to remove him. On that date, plaintiff filed a grievance claiming that his notice of removal had not been issued for "just cause."

■■ Plaintiff alleges in his complaint that he was terminated from his position with the Postal Service on or about March 4, 1982. Yet, he offers no facts, by affidavit or otherwise, tending to support this bare allegation. Further, he offers no evidence contesting the fact that he had received notice of his impending termination as early as June 1981. Plaintiff instead relies solely on the following finding of fact made by the EEOC in its review of plaintiff's case: "Appellant's contention on appeal that the agency notified him of his removal on March 4, 1982 and not on June 8, 1981 as stated in the final agency decision is correct." *Connolly v. United States Postal Service*, Appeal No.

01821842, slip op. at 3 (EEOC May 16, 1983). Plaintiff argues that because this issue of fact has been litigated and determined by an administrative decision, and is essential to that decision, the finding is conclusive between the parties in a subsequent action. The Court rejects plaintiff's argument. The case before this Court is a *de novo* review of plaintiff's employment discrimination claims. The Court will not be bound by an administrative finding of fact, particularly when, as here, the factual finding goes against all the evidence contained in the record of this case.

I find that the record of this case proves that the Postal Service's decision to remove the plaintiff was communicated to him by June 15, 1981, at the latest. Consequently, the thirty day filing period began to run on that date. Plaintiff's EEO complaint, however, was filed approximately ten months later, on April 9, 1982. This complaint would be timely only if the thirty day limitations period was tolled beginning sometime in June or July 1981. Plaintiff makes no such assertion here.* Plaintiff's April 1982 complaint, therefore, is untimely.

■ In certain limited situations a plaintiff will be excused from strict compliance with the exhaustion prerequisite to bringing a § 501 action. For instance, compliance is excused when a plaintiff has neither notice nor actual knowledge of the statutory filing period. *Cooper v. Bell*, 628 F.2d 1208, 1212 (9th Cir.1980). Here, plaintiff does not plead ignorance of the applicable filing period. The record shows that plaintiff was given objective notice of the filing requirements by the posting of EEO procedures on workplace bulletin boards, as required by EEOC regulation. 29 C.F.R. § 1613.204(f). Moreover, plaintiff has filed EEO complaints on previous occasions. Such prior experience strongly suggests that plaintiff was familiar with EEOC procedures, including filing dead-

---

* Plaintiff's only assertion regarding equitable tolling is that there is a genuine issue of fact as to whether the statute of limitations should have been tolled from early March 1982 until April 9, 1982. The success of plaintiff's tolling argument is contingent on this Court finding that plaintiff received notice of his termination on March 4, 1982, and not at an earlier date. The Court has found, however, that the plaintiff had notice of his removal no later than June 1981. Because of this finding, plaintiff's assertion of equitable tolling is immaterial.

lines. *Sales v. Bolger,* No. 82–0454–C(5), slip op. at 7 (E.D.Mo. March 31, 1983). This, then, is not a situation in which plaintiff's compliance with the exhaustion requirement should be excused.

Based on the above findings, I rule that plaintiff is barred from bringing his statutory claim by his failure to exhaust administrative remedies and that defendant's motion for summary judgment, therefore, should be allowed.

Order accordingly.