**Joseph PERSON, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE; John Block, Secretary of the United States Department of Agriculture, acting in his official capacity; Carl E. Webb, Director of Personnel Management, United States Department of Agriculture, Forest Service, Eastern Region, acting in his official capacity; and George McLaughlin, Center Director, Blackwell Civilian Conservation Center, acting in his official capacity, Defendants.**

No. 82–C–0813.

United States District Court,
E.D. Wisconsin.

Sept. 11, 1984.

Patricia J. Gorence, Asst. U.S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

WARREN, District Judge.

Presently before the Court in this matter are (1) the defendants' motion of March 30, 1983, to dismiss all claims arising under 28 U.S.C. §§ 1331, 1343, 2201, & 2202 and the Fifth Amendment to the United States Constitution and to dismiss the complaint as to defendants Carl E. Webb, George McLaughlin, and the United States Department of Agriculture; and (2) the defendants' motion of August 3, 1984, to dismiss this action in toto, on the grounds that the plaintiff has failed to pursue an active prosecution of his claims. For the reasons stated herein, the Court concludes that the defendants' first motion should be granted in its entirety. As to the second, the Court has scheduled a brief hearing at which time the parties should be prepared to argue their positions.

## BACKGROUND

The plaintiff, formerly an employee of the Department of Agriculture at its Blackwell Civilian Conservation Center facility, filed his complaint in this action on July 2, 1982, alleging that he was terminated from his employment on or about January 29, 1982, "because of his race and/or in reprisal for his complaints of practices of race discrimination in employment by the defendants and/or in reprisal for charges of discrimination which he has filed with various agencies." *Complaint* at 3 (July 2, 1982). The complaint further charges that the defendants—namely, the United States Department of Agriculture; John Block, Secretary of the Department; Carl E. Webb, Director of Personnel Management for the Forest Service, Eastern Region, of the Department; and George McLaughlin, Center Director of the Blackwell Civilian Conservation Center—discriminated against the plaintiff with respect to working conditions, disciplinary practices, rules, regulations, job assignments, fringe benefits, job security, and employment rights and privileges.

The plaintiff maintains that these actions were in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, and the Fifth Amendment to the United States Constitution. He also brings his claims under 42 U.S.C. §§ 1331, 1343, 2201, & 2202, seeking declaratory and injunctive relief, reinstatement with back pay, punitive damages, and attorneys' fees and costs.

The defendants filed their answer on August 31, 1982, denying all substantive allegations in the complaint, challenging the subject matter jurisdiction of the Court, and raising four affirmative defenses—among them, that the complaint fails to state a viable claim for relief under the Fifth Amendment to the Constitution and that it fails to state a cause of action against defendants Webb, McLaughlin, and the Department of Agriculture.

On March 30, 1983, the defendants filed the first of their two pending motions—this one, to dismiss all claims brought pursuant to 28 U.S.C. §§ 1331, 1343, 2201, & 2202 and the Fifth Amendment and to dismiss the complaint as to all defendants except John Block. In anticipation of a decision on the plaintiff's case before the Merit Systems Protection Board, the parties initially agreed that the plaintiff would be afforded an extension of time in which to file a responsive brief. That extension of time was enlarged at least twice following the issuance of the Board's decision, and, on July 6, 1983, the plaintiff's attorney advised the Court by letter that he felt obliged to withdraw as counsel in this matter.

By its letter of August 17, 1983, the Court granted the plaintiff "a final extension of time until Friday, September 2, 1983, in which to retain a new attorney and to respond to the defendants' motion to dismiss or to advise the Court of [his] intention not to pursue this action further." Court's *Letter* at 1 (August 17, 1983). Based on the plaintiff's advice of September 2, 1983, that the Merit Systems Protection Board had agreed to conduct a second hearing on those issues he had raised in his complaint, the Court wrote the plaintiff, as follows:

In the event that your claims are satisfactorily resolved through this process, you will so advise the Court, which will then issue an order dismissing the court action.

If, on the other hand, you wish to reactivate this case following the hearing and decision, you will notify the Court of that fact no later than September 30, 1983, and the Court will again revise the briefing schedule on defendants' motion to dismiss. In this regard, the Court is aware of your efforts to retain substitute counsel and expects that you will promptly hire one of the attorneys to whom you have spoken if you decide to proceed with the prosecution of this case.

Court's *Letter* of September 2, 1983.

On September 29, 1983, the plaintiff again contacted the Court, this time to advise that he wished to pursue his claims in this judicial proceeding, apparently in the

wake of an unfavorable ruling from the Merit Systems Protection Board. Accordingly, the Court granted the plaintiff yet another extension of time "in which to hire an attorney and familiarize him with the facts of your case." Court's *Letter* of September 29, 1983. Eleven days later, on October 10, 1983, the plaintiff called to notify the Court that he had, indeed, retained an attorney to represent him and that a formal notice of appearance would be filed no later than October 14, 1983.

When the Court received no such notice by that date, it wrote the plaintiff a fourth time, chronicling the troubled procedural history of this matter and notifying the plaintiff of its intentions for further action in this case, as follows:

> The Court has granted you numerous extensions of time in which to respond to defendants' motion filed on March 30, 1983, and has attempted to accommodate the delays in this case occasioned by the withdrawal of your attorney and your hearing before the Merit Systems Protection Board. As stated in its letter of August 17, 1983, the Court appreciates the difficult position in which a pro se plaintiff like you might find himself in prosecuting his action. At the same time, the Court must ensure that each case on its docket proceeds with regularity in order to safeguard the interests of the parties and resolve their disputes with responsible dispatch.
>
> To this end, the Court grants you one final extension of time until November 23, 1983, in which to respond to defendants' motion to dismiss. If you retain an attorney prior to that date, you should advise him or her that the Court will not grant you any further enlargement of time in which to respond. By copy of this letter, the Court also advises defense counsel of this briefing deadline and expects that defendants will file their reply by December 5, 1983, if necessary.

Court's *Letter* of November 10, 1983.

Neither the plaintiff nor any attorney representing him filed a response to the dismissal motion by the November 23, 1983, deadline; indeed, the Court has had no communication from the plaintiff since October 10, 1983. Accordingly, in her letter of January 5, 1984, the assistant United States attorney defending this case reviewed the plaintiff's long record of noncompliance with the Court's various orders and filing deadlines and requested that the pending motion to dismiss be decided on the basis of the documents then before the Court.

The plaintiff's clear failure to abide by the Court's directions is also the basis for the defendants' motion of August 3, 1984, requesting that this action be dismissed in toto for lack of diligent prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Consistent with his silence in the wake of the defendants' earlier motion to dismiss discrete portions of the complaint, the plaintiff has failed to respond to this latest petition for dismissal.

**The Defendants' Motion To Dismiss Claims Brought Under 28 U.S.C. §§ 1331, 1343, 2201, & 2202 And The Fifth Amendment To The United States Constitution**

As the defendants have accurately observed, § 717 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, prohibits discrimination in federal employment "based on race, color, religion, sex, or national origin." The precise issue now before the Court—namely, whether § 717 establishes the exclusive judicial remedy for claims of discrimination in federal employment—was presented to the United States Supreme Court in *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1960).

In that case, the plaintiff, a black employee of the General Services Administration (GSA), alleged race discrimination in that agency's failure to promote him to a higher government service grade on two separate occasions. After pursuing his claim unsuccessfully before GSA's Equal Employment Opportunity Office, the Civil Service Commission, and GSA's Director of Civil Rights, the plaintiff filed an action in

federal district court under § 717 of Title VII of the Civil Rights Act of 1964, as amended; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202; 28 U.S.C. § 1331; and 42 U.S.C. § 1981. Although the precise question before the Court was whether the district court properly dismissed the entire action on the basis that it was not filed within the 30-day period prescribed by § 717(c), Justice Stewart, writing for the majority, noted that the principal issue was much broader—namely, "whether § 717 of the Civil Rights Act of 1964 provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. General Services Administration,* 425 U.S. 820, 821, 96 S.Ct. 1961, 1962, 48 L.Ed.2d 402 (1976).

In the end, the Court found that both the legislative history and statutory composition of that statute evinced a congressional intent that it be the exclusive, pre-emptive administrative and judicial scheme for redress of federal employment discrimination:

> The balance, completeness, and structural integrity of § 717 are inconsistent with the petitioner's contention that the judicial remedy afforded by § 717(c) was designed merely to supplement other putative judicial relief. His view fails, in our estimation, to accord due weight to the fact that unlike these other supposed remedies, § 717 does not contemplate merely judicial relief. Rather, it provides for a careful blend of administrative and judicial enforcement powers. Under the petitioner's theory, by perverse operation of a type of Gresham's law, § 717, with its rigorous administrative exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible. The crucial administrative role that each agency together with the Civil Service Commission was given by Congress in the eradication of employment discrimination would be eliminated "by the simple expedient of putting a different label on [the] pleadings." *Preiser v. Rodriguez,* 411 U.S. 475, 489–

490 [93 S.Ct. 1827, 1836–1837, 36 L.Ed.2d 439] (1973). It would require the suspension of disbelief [sic] to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading.

*Brown v. General Services Administration,* 425 U.S. 820, 832–833, 96 S.Ct. 1961, 1967–1968, 48 L.Ed.2d 402 (1976); *see also Davis v. Passman,* 442 U.S. 228, 247 n. 26, 99 S.Ct. 2264, 2278 n. 26, 60 L.Ed.2d 846 (1979) ("the remedies provided by § 717 are exclusive when those federal employees covered by the statute seek to redress the violation of rights guaranteed by the statute").

The proscriptive effect of the holding in *Brown* plainly precludes the plaintiff in this case from maintaining a cause of action for employment discrimination under any statute or provision other than Title VII. The mere fact that the present complaint incorporates claims under 28 U.S.C. § 1343 and the Fifth Amendment to the United States Constitution—not included in Clarence Brown's petition—does not dissuade this Court that the plaintiff here should likewise not be permitted to circumvent the thorough remedial scheme of Title VII by "artful pleading". As the defendants have observed, § 1343 is jurisdictional only and does not prescribe any substantive rights, *Howell v. Cataldi,* 464 F.2d 272, 274 (3d Cir.1972); moreover, the proscription in *Brown* has already been held to preclude the pursuit of employment discrimination claims under the Fifth Amendment, where "Title VII provides full and adequate relief for such conduct." *Carter v. Marshall,* 457 F.Supp. 38, 43 (D.D.C. 1978).

■ Under these circumstances, the Court must conclude that the unequivocal language in *Brown* was directed at cases just like the present, in which an aggrieved employee attempts to frame what is, in the end, a Title VII claim under non-Title VII provisions. Because § 717 is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal em-

ployment discrimination," *Brown v. General Services Administration*, 425 U.S. 820, 829, 96 S.Ct. 1961, 1966, 48 L.Ed.2d 402 (1976), the plaintiff's claims under 28 U.S.C. §§ 1331, 1343, 2201, & 2202 and the Fifth Amendment to the United States Constitution shall be dismissed.

### The Motion To Dismiss Defendants Carl E. Webb, George McLaughlin, And The United States Department Of Agriculture

■ The statute prohibiting discrimination in employment also prescribes clearly the proper party defendant, as follows:

> ... [A]n employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 706 [42 USCS § 2000e–5], in which civil action *the head of the department, agency, or unit, as appropriate, shall be the defendant.*

42 U.S.C. § 2000e–16(c) (in relevant part; emphasis supplied). It is well established that a Title VII suit, where the employment involved was with the federal government, can be brought only against the head of the department, agency, or unit against which discrimination is alleged. *Hackley v. Roudebush*, 520 F.2d 108, 115 n. 17 (D.C. Cir.1975); *Dean v. United States*, 484 F.Supp. 888, 889 (D.N.D.1980); *Scott v. Weinberger*, 416 F.Supp. 221, 223 (D.D.C. 1976); *Keeler v. Hills*, 408 F.Supp. 386, 387 (N.D.Ga.1975).

■ Indeed, the matter is, as defendants observe, so clearly beyond dispute that the federal courts state the proposition as axiomatic: The proper party defendant is the pertinent agency head, not his or her various employees or the agency itself. *Carver v. Veterans Administration*, 455 F.Supp. 544, 545 (E.D.Tenn.1978); *Brooks v. Brinegar*, 391 F.Supp. 710, 711 (W.D. Okla.1974).

■ In the present case, it is clear that John Block, Secretary of the United States Department of Agriculture, is the head of the governmental unit against which the plaintiff's charges of discrimination are leveled. Accordingly, since the only proper defendant under 42 U.S.C. § 2000e–16(c) is Secretary Block, the complaint must be dismissed as to defendants Carl E. Webb, George McLaughlin, and the United States Department of Agriculture itself. Simply stated, the plaintiff can maintain no cause of action against these parties upon which relief can be granted.

### The Defendants' Motion To Dismiss The Action Pursuant To Rule 41(b) Of The Federal Rules Of Civil Procedure

As noted above, the defendants have recently filed a motion to dismiss this action in toto, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The rule plainly empowers the district court to dismiss any case in which the plaintiff has demonstrated a lack of due diligence, as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b) (in relevant part).

Invoking the rule, the defendants argue that this action should be dismissed with prejudice since the plaintiff has "failed ... to respond to defendants' March 30, 1983, motion to dismiss, ... to secure new counsel (or proceed pro se), ... to adhere to his commitment to the court that a substitute counsel would file notice of appearance no later than October 14, 1983 or ... to conduct discovery so that the case can ultimately be resolved." Defendants' *Memorandum In Support Of Motion To Dismiss* at 3 (August 3, 1984). In support of their position, the defendants have directed

the Court's attention to numerous cases in which dismissal has been ordered under circumstances similar to and even less egregious than the record of noncompliance and lack of diligence the plaintiff has compiled in this matter.

While the Court is of the view that there now exists a sufficient basis upon which to grant the defendants' motion to dismiss this action in its entirety, it will afford the plaintiff a final opportunity to demonstrate some interest in the further prosecution of his claim. To this end, a brief hearing on the defendants' petition to dismiss, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, has been scheduled for 1:30 p.m., on Thursday, September 20, 1984. The plaintiff and counsel for the defendants should come to the hearing prepared to present their positions on this outstanding matter.

By today's order, the plaintiff is hereby notified that his failure to appear on the twentieth will result in the immediate dismissal of his case. Even if he does make an appearance, the plaintiff will need to argue some extraordinary circumstances in order to survive the defendants' motion.

### CONCLUSION

For the reasons stated herein, the Court hereby:

1. DISMISSES the plaintiff's claims brought pursuant to 28 U.S.C. §§ 1331, 1343, 2201, & 2202 and the Fifth Amendment to the United States Constitution;

2. DISMISSES defendants Carl E. Webb, George McLaughlin, and the United States Department of Agriculture as parties to this action;

3. SCHEDULES a hearing on the defendants' motion to dismiss this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for 1:30 p.m., on Thursday, September 20, 1984. The hearing shall be conducted consistent with the Court's expectations as set forth herein.