**Robert P. DESROCHES**

v.

**UNITED STATES POSTAL SERVICE; Paul N. Carlin, in his official capacity as Postmaster General of the United States and Chief Executive Officer of the USPS; Roger E. Brassard, in his official capacity as Postmaster/Manager of the Manchester Management Sectional Center (Manchester Post Office).**

Civ. No. 85–434–D.

United States District Court, D. New Hampshire.

April 2, 1986.

Ronald K. Lospennato, Concord, N.H., for Robert P. DesRoches.

Richard E. Dunlop, Office of Legal Counsel, Washington, D.C., for defendants.

Susan L. Howard, Asst. U.S. Atty., Concord, N.H., for U.S.

Anthony W. Ducomb, Diana E. Johnson, Office of Labor Law, Washington, D.C., for U.S. Postal Service.

## ORDER

DEVINE, Chief Judge.

In this action plaintiff Robert DesRoches, complaining of employment discrimination based upon physical handicap, has brought suit against defendants United States Postal Service ("USPS"), Paul Carlin in his official capacity as Postmaster General of the United States and Chief Executive Officer of USPS, and Roger Brassard in his official capacity as Postmaster/Manager of the Manchester, New Hampshire, Post Office. Plaintiff DesRoches seeks injunctive, declaratory, and monetary relief for violation of his rights under §§ 501 and 505 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq.*, and for violation of his rights under the due process clause of the United States Constitution.[1] Jurisdiction is based upon 28 U.S.C. §§ 1331, 1337, and 1343(a)(4), while declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202. The amount in controversy exceeds ten thousand dollars exclusive of interest and costs. Presently before the Court is defendants' motion to dismiss, Rule 12(b)(6), Fed.R.Civ.P., or in the alternative for summary judgment, Rule 56, Fed.R. Civ.P., and plaintiff's objection thereto.

The undisputed facts in this case reveal the following. Beginning in 1977 plaintiff DesRoches was employed as a part-time flexible clerk, grade five, at the Weare, New Hampshire, Post Office. As a part-time flexible clerk, he was assigned a work schedule of less than forty hours per week at the Weare facility, but was permitted to supplement his regularly scheduled hours by working at the Manchester Post Office. This flexible work scheduling was permitted under Article 7, Section 1, of the National Agreement between the American Postal Workers' Union, AFL–CIO, and the USPS. From 1977 to July 1983, plaintiff regularly worked supplemental hours at the Manchester Post Office.

While working at the Weare Post Office in November 1980, plaintiff sustained a back injury, for which he received workers' compensation. Plaintiff sustained a second back injury while working at the Weare facility on July 2, 1983. Shortly thereafter, on July 7, 1983, plaintiff received a letter from Roger Brassard, Postmaster of the Manchester Post Office, expressing concern about plaintiff's accident/safety record and indicating that it would be "in the best interest of both you and the U.S. Postal Service that your employment be limited to your office of employment, Weare, N.H." Plaintiff was thus no longer able to supplement his regularly scheduled hours by working at the Manchester Post Office. On a number of occasions since July 7, 1983, plaintiff has unsuccessfully sought permission to return to work at the Manchester facility.

The July 7, 1983, letter from Brassard did not outline any grievance procedures which might be available to plaintiff. However, at both the Weare and Manchester Post Offices during the period of plaintiff's employment, Equal Employment Opportunity ("EEO") notices were posted which apprised employees of their rights to file administrative complaints alleging improper or illegal discrimination. These notices directed employees to contact EEO counselors within thirty days of an action which they believed to be discriminatory.

---

**1.** Plaintiff also alleged in his amended complaint a violation of the equal protection clause of the Fifth Amendment to the United States Constitution. Plaintiff, however, has decided not to press this claim, *see* Memorandum of Law in Support of Plaintiff's Objection to Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, p. 2, n. 1. This claim is accordingly dismissed.

Plaintiff complained about Brassard's action in denying him supplementary hours at the Manchester Post Office to the Postmaster at the Weare Post Office, union officials, and his United States Senator. Plaintiff did not contact his EEO counselor about Brassard's letter of July 7, 1983, until January 25, 1984. Plaintiff filed a discrimination complaint with the EEO Officer, Northeast Region, on February 18, 1984. On May 16, 1984, USPS issued a final agency decision rejecting as untimely plaintiff's discrimination complaint. On June 4, 1984, plaintiff appealed the USPS decision to the EEO Commission ("EEOC"), which affirmed the decision on June 5, 1985. Plaintiff received the adverse decision of the EEOC on June 10, 1985, filed suit in this court on July 8, 1985, and moved to reopen the EEOC decision on July 9, 1985.

*I. Motion to Dismiss USPS and Brassard in Plaintiff's Claim under the Rehabilitation Act.*

Consideration of a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed.R.Civ.P., requires application of the rule that "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered if the plaintiff is not entitled to relief under any set of facts he could prove." *Chasan v. Village District of Eastman,* 572 F.Supp. 578, 579 (D.N.H.1983), *aff'd without opinion,* 745 F.2d 43 (1st Cir.1984) (citations omitted). Upon review of plaintiff's complaint and application of the above standard thereto, the Court finds and rules that defendants' motion to dismiss USPS and Brassard as named parties in the Rehabilitation Act claim must be granted.

The Rehabilitation Act of 1973 ("Act") was the first major federal statute designed to provide assistance to the population of handicapped people in this country. Section 501 of the Act, 29 U.S.C. § 791, contains various provisions for encouraging the federal government to employ the handicapped, but as originally enacted created no private right of action. Congress, however, amended the Act in 1978 to create an express private right of action under section 501 against federal agencies and departments, including the USPS. Section 505(a)(1) of the amended Act, 29 U.S.C. § 794a(a)(1), provides that

[t]he remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16) [Title VII], including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k) ), shall be available with respect to any complaint under [29 U.S.C.] section 791 [section 501] of this title....

As the language of 29 U.S.C. § 794a(a)(1) indicates, handicapped federal employees receive the limitations as well as the benefits of 42 U.S.C. § 2000e–16. One such limitation of relevance in this case specifies that civil actions may only be brought against "the head of the department, agency or unit." 42 U.S.C. § 2000e–16(c). It is thus well established that a Title VII suit, and therefore a suit brought pursuant to the Act, where the employment involved was with the federal government, can be brought only against the head of the department, agency, or unit against which discrimination is alleged. *See Jarrell v. United States Post Office,* 753 F.2d 1088, 1091 (D.C.Cir.1985) (Postmaster General proper defendant in Title VII action); *Hall v. Small Business Administration,* 695 F.2d 175, 180 (5th Cir.1983) (Administrator of SBA proper defendant in Title VII action); *Shirey v. Devine,* 670 F.2d 1188, 1205 n. 48 (D.C.Cir.1982) (Administrator of NASA proper defendant in suit under the Act); *Person v. United States Department of Agriculture,* 593 F.Supp. 1054, 1059 (E.D.Wis.1984) (Secretary of USDA proper defendant in Title VII action); and *Campbell v. United States Navy,* 567 F.Supp. 356, 357–58 (D.Md.1983) (Secretary of Navy proper defendant in suit brought under the Act). Accordingly, in the present action plaintiff may only maintain his discrimination claim under the Act against Paul Carlin in his official capacity as Postmaster General of the United States, and the claim against defendants Brassard and the USPS must be dismissed.

*II. Defendants' Motion for Summary Judgment* [2] *as to Plaintiff's Constitutional Claims.*

Rule 56(c), Fed.R.Civ.P., provides that summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party moving for summary judgment bears the burden of demonstrating that there is no disputed issue of fact which is both "genuine" and "material". *Finn v. Consolidated Rail Corp.*, 782 F.2d 13, 15 (1st Cir.1986) (citations omitted). A dispute of fact is material if it "affects the outcome of the litigation" and is genuine if manifested by "substantial" evidence going beyond the allegations of the complaint. *Taylor v. Hercules, Inc.*, 780 F.2d 171 (1st Cir.1986); *Pignons S.A. de Mecanique v. Polaroid*, 657 F.2d 482, 486 (1st Cir.1981). In addition, the record must be viewed in the light most favorable to the party opposing the motion, and all inferences favorable to such party must be indulged. *General Office Products Corp. v. A.M. Capen's Sons, Inc.*, 780 F.2d 1077, 1078 (1st Cir. 1986); *Stepanischen v. Merchants Despatch Transportation Co.*, 722 F.2d 922, 928 (1st Cir.1983). For the following reasons, the Court finds and rules that defendants are entitled to judgment as a matter of law with respect to plaintiff's constitutional claims.

In addition to his action brought pursuant to the Act, plaintiff claims that his due process rights under the Fifth Amendment have been violated. Plaintiff asserts that the Fifth Amendment is implicated by defendants' actions in terminating his employment, refusing to make reasonable accommodations to his handicap, and failing to provide adequate notice of available grievance procedures. The Court finds that these constitutional claims cannot be maintained.

As noted previously, the 1978 amendments to the Act made available to federal employees all the remedies, procedures, and rights available under Title VII. 29 U.S.C. § 794a(a)(1). Two years prior to enactment of the amendments, the United States Supreme Court held that Title VII provided the exclusive judicial remedy for federal employment discrimination. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). The subsequent decision by Congress to incorporate the Title VII remedies into the Act evidences congressional intent that the statutory remedies be the exclusive means for vindicating rights against federal government employers. *See McGuinness v. United States Postal Service*, 744 F.2d 1318, 1322 (7th Cir.1984); *Connolly v. United States Postal Service*, 579 F.Supp. 305, 307 (D.Mass. 1984); *Smith v. United States Postal Service*, 570 F.Supp. 1415, 1421–22 (E.D.Mich. 1983), *aff'd* 766 F.2d 205 (6th Cir.1985). The Court accordingly rules that plaintiff cannot maintain his due process claims where the factual predicate for those claims is the discrimination which is the basis for his claim under the Act, *see Nolan v. Cleland*, 686 F.2d 806, 814–16 (9th Cir.1982), and defendants' motion for summary judgment as to the constitutional claims must be granted.

*III. Defendant's Motion for Summary Judgment* [3] *as to the Rehabilitation Act Claim for Failure to Exhaust Administrative Remedies.*

Defendant [4] next argues that plaintiff is precluded from bringing suit under the Act because he failed to exhaust his administrative remedies. It is well established that "Congress intended to require

---

**2.** While defendants have moved for dismissal, Rule 12(b)(6), Fed.R.Civ.P., or in the alternative for summary judgment, Rule 56, the Court treats the motion as one for summary judgment alone since matters outside the pleadings have been presented for consideration in resolution of the motion. *See* Rule 12(b).

**3.** *See supra,* footnote 2.

**4.** This motion for summary judgment is brought on behalf of the only remaining defendant, Paul Carlin, in light of the Court's ruling that he is the proper defendant in an action brought pursuant to the Act. *See supra,* section I.

persons complaining of handicap discrimination in employment to exhaust administrative remedies before availing themselves of judicial remedies under the Rehabilitation Act." *Smith v. United States Postal Service*, 742 F.2d 257, 262 (6th Cir.1984). *See, e.g., Boyd v. United States Postal Service*, 752 F.2d 410, 413–14 (9th Cir. 1985); *Johnson v. Orr*, 747 F.2d 1352, 1356–57 (10th Cir.1984); *McGuinness v. United States Postal Service, supra*, 744 F.2d at 1320; *Connolly v. United States Postal Service, supra*, 579 F.Supp. at 308–09. Pertinent, therefore, to the instant case is the EEOC regulation which provides that a complainant must notify an EEO counselor within thirty days of the date of the matter causing the complainant to believe he was discriminated against, or within thirty days of the date of the allegedly discriminatory personnel action. 29 C.F.R. § 1613.214(a)(1)(i). Plaintiff did not, however, abide by this regulation, contacting his EEO counselor on January 25, 1984, almost six months after receiving the Brassard letter of July 7, 1983, denying him supplementary work hours at the Manchester Post Office.

While plaintiff acknowledges that almost six months passed between receipt of Brassard's letter and contact with the EEO counselor, he claims that the revocation of permission to work at the Manchester Post Office was a continuing violation, and he thus initiated procedures in a timely fashion. In support of this argument, plaintiff points to his repeated requests to return to work at the Manchester facility. The Court finds this argument to be without merit.

The United States Court of Appeals for the First Circuit has declined to find a continuing violation in discrimination cases where there is a mere failure to accede to a plaintiff's request for reinstatement, *Goldman v. Sears, Roebuck and Company*, 607 F.2d 1014 (1st Cir.1979). In *Goldman*, the plaintiff complained of discrimination in the defendant company's decision to transfer him to another department. In rejecting plaintiff's continuing violation argument and finding plaintiff's claim to be time barred, the court held that:

To state such a continuing violation, however, a complaint must indicate that not only the injury, but the discrimination, is in fact ongoing. The district court held that that hurdle was not surmounted here, and we agree. A continuing violation is not stated if all that appears from the complaint is that the plaintiff continues to suffer from the ongoing effects of some past act of discrimination. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885 [1889], 52 L.Ed.2d 571 (1977). As we have said, moreover, '[c]omplaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation.' *Fisher v. Flynn*, 598 F.2d 663, 665 (1st Cir.1979); *accord, Martin v. New York Department of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978); *cf. Coates v. Illinois State Board of Education*, 559 F.2d 445, 447, 449 (7th Cir.1977). If plaintiff meant to claim that the later refusals formed part of a continuous chain of misconduct, it was incumbent upon him to allege facts giving some indication that the later refusals were themselves separate civil rights violations.

*Id.* at 1018. *See also* A. Larson and L. Larson, *2 Employment Discrimination* § 48.13(g)(1) at p.9A–70 ("allegations that the employer refused to rehire a discharged employee will not serve to establish an action based on a continuing violation"); *Daughtry v. King's Department Stores, Inc.*, 608 F.2d 906, 909 (1st Cir. 1979) (defendant's termination of employment is a completed one-time violation and a failure to rehire does not establish a continuing violation). Review of the pleadings and accompanying documentation convinces the Court that the decision to revoke permission to work at the Manchester Post Office was a one-time violation, and plaintiff cannot seek relief from his failure to timely contact the EEO counselor on a theory of continuing violation. Nothing in the submissions before the Court indicates that the refusals to reinstate plaintiff's supplementary work hours were anything but a

continuation of the injury allegedly sustained when plaintiff was initially denied those work hours in July 1983.

■ Plaintiff also argues that the period of limitations for instituting administrative action should be tolled since there was good cause for his failure to initiate the EEO process within thirty days of the receipt of the July 7, 1983, letter. It is established, contrary to defendant's assertion, that "a timely filing of an EEOC charge is not a jurisdictional prerequisite to suit." *Boyd v. United States Postal Service, supra,* 752 F.2d at 414, *citing Zipes v. Transworld Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). *See, e.g., Rice v. New England College,* 676 F.2d 9, 10 (1st Cir.1982); *Andrews v. Orr,* 614 F.Supp. 689, 693–94 (S.D.Ohio 1985); *Neves v. Kolaski,* 602 F.Supp. 645, 649–51 (D.R.I.1985); *Smith v. United States Postal Service, supra,* 570 F.Supp. at 1420. Accordingly, the thirty-day time limit under 29 U.S.C. § 1613.214(a)(1)(i) must be treated as a statute of limitations and subject to waiver, estoppel, and equitable tolling.

■ While the question is a close one, the Court finds that there remains a genuine issue of fact as to whether or not the administrative period of limitations should be equitably tolled and hence defendant's motion for summary judgment based on plaintiff's failure to exhaust must be denied. While it is undisputed that EEO notices were posted in the Weare and Manchester Post Offices at the time of plaintiff's employment, there remains a question as to whether these notices were posted in a conspicuous location for viewing by postal employees. *See* Plaintiff's Affidavit and Plaintiff's Exhibit 2. Obviously, if the notices were obscurely posted, the complaining employee could not be charged with knowledge of the appropriate administrative deadlines, and equitable tolling would be appropriate.

Defendant argues against tolling the period of limitations by noting plaintiff's admission in his appeal to the EEOC that he had read EEO notices. *See* Defendant's Exhibit 2. However, plaintiff also admits

therein that he was not given time to reflect and consider the notices and was in fact pressured to sign off on them. Should such misconduct be established, equitable tolling of the period of limitations would be appropriate. In addition, the Court notes that this case is not one wherein the plaintiff sat idly by until the period of limitations expired. He did seek assistance from the Postmaster in Weare as well as from union officials after learning that he would no longer be able to work at the Manchester facility. Accordingly, defendant's motion for summary judgment as to plaintiff's discrimination claim under the Act for failure to exhaust administrative remedies must be denied.

*IV. Defendant's Motion for Summary Judgment [5] as to the Rehabilitation Act Claim for Failure to Timely File in this Court.*

■ Defendant has also moved for summary judgment claiming that plaintiff is barred from bringing suit because he filed suit in this court more than thirty days after the EEOC's final administrative decision and therefore exceeded the applicable statutory time limit. *See* 42 U.S.C. § 2000e–16(c); *Scott v. St. Paul Postal Service,* 720 F.2d 524 (8th Cir.1983), *cert. denied,* 465 U.S. 1083, 104 S.Ct. 1453, 79 L.Ed.2d 770 (1984). This argument is without factual support.

In this case, plaintiff received notice of the EEOC's final adverse decision on June 10, 1985, *see* Plaintiff's Affidavit and Plaintiff's Exhibit 1 (copy of certified mail receipt), and filed his complaint in this court on July 8, 1985, twenty-eight days later. Plaintiff thus satisfied the filing requirements of 42 U.S.C. § 2000e–16(c). Defendant argues, however, that plaintiff's complaint and summons were docketed on July 16, 1985, six days beyond the thirty-day period of limitations. While defendant may have been confused by the fact that his copy of plaintiff's complaint was not date stamped on July 8, 1985, and the summons was issued on July 16, 1985, the Court's records reveal that plaintiff's complaint

5. *See supra,* footnote 2.

was filed and date stamped on July 8, 1985, and that date, not the date of the issuance of the summons, marks the institution of suit for purposes of 42 U.S.C. § 2000e–16(c). *See* Rule 3, Fed.R.Civ.P. To otherwise rule would unfairly penalize punctual plaintiffs for unavoidable delays in processing complaints in the Clerk's Office of this Court. Accordingly, the Court finds that plaintiff timely filed his complaint, and defendant's motion for summary judgment on this ground must be denied.

### Conclusion

The Court finds and rules that: the motion to dismiss USPS and Brassard as named defendants in the Rehabilitation Act claim must be granted; motion of all defendants for summary judgment as to plaintiff's constitutional claims must be granted; and defendant Carlin's motion for summary judgment as to plaintiff's claim under the Rehabilitation Act must be denied.

SO ORDERED.