**George L. GARROW, Jr., Plaintiff,**

**v.**

**Susan Meredith PHILLIPS, Chairwoman, Commodity Futures Trading Commission, Defendant.**

**Civ. A. No. 86–3472.**

United States District Court, District of Columbia.

June 24, 1987.

Joseph B. Scott, Douglas B. Hurton, Kator, Scott & Heller, Washington, D.C., for plaintiff.

Whitney Adams, Deputy General Counsel, Jeri E. Ruscoll, Kathleen A. McDonough, Attys., Commodity Futures Trading Com'n, Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff was employed as a Schedule A, Excepted Service Attorney at the Commodity Futures Trading Commission ("CFTC") from September 2, 1980 to September 16, 1986 when he was terminated for "insubordination." In his complaint filed on December 18, 1986, he alleged that he had a property interest in his continued employment with the Commission and that he was "deprived" of this interest without "due process" because he was not afforded pretermination notice and a hearing. Plaintiff asks that he be reinstated to his job and protected from any acts of reprisal by the defendant. Plaintiff filed a motion for summary judgment on January 30, 1987. The government filed a cross motion on March 28, 1987. A hearing was held on these motions on June 12, 1987. For the reasons discussed below, plaintiff's motion for summary judgment will be denied and the defendant's motion will be granted.

The Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111 (1978) ("the Act"), comprehensively revised the personnel procedures of federal agencies and redefined the rights of their employees. The Act specifies the circumstances under which agencies may remove employees or reduce them in grade and the procedural rights available to employees who are subject to such disciplinary action. Plaintiff was removed under Chapter 75 of the Act, 5 U.S.C. § 7501 *et seq.*, which governs removals, suspensions, furloughs, and reductions in grade or pay other than removals or reductions in grade under Chapter 43.[1] Chapter 75 authorizes agencies to take adverse personnel actions against employees "only for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a), and grants employees subject to

such adverse action substantial procedural rights. *See* 5 U.S.C. §§ 7513(b), (d). However, employees in the excepted service who are not veterans are not classified as "employees" for the purposes of Chapter 75. It is undisputed, therefore, that plaintiff has been excluded by Congress from the grant of a property right in his job which is conferred on other employees by virtue of the provisions of Chapter 75. However, plaintiff here argues that despite the fact that Congress explicitly excluded excepted service employees from the procedural protections of Chapter 75, the Civil Service Reform Act nonetheless granted him a property right in his job. In support of this claim of entitlement, plaintiff points to the provisions of the Act which describe "prohibited personnel practices." In particular, 5 U.S.C. § 2302(b)(10) provides that

> [a]ny employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority ... discriminate for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others.

Excepted service employees are one of the categories of employees covered by the "prohibited personnel practices" provisions of the Act. *See* 5 U.S.C. § 2302(a)(2)(B). If Mr. Garrow believes that he was discharged on the basis of conduct which did not adversely affect his performance as an employee, therefore, he is entitled to file a complaint with the Office of Special Counsel of the Merit Systems Protection Board under 5 U.S.C. § 1206.

However, Mr. Garrow does not seek a declaratory judgment from this court regarding his right to file a claim before the Office of Special Counsel. Instead, he claims that 5 U.S.C. § 2302(b)(10) grants

---

1. Chapter 43 of the Act, 5 U.S.C. § 4301, *et seq.,* authorizes agencies to remove employees or reduce them in grade due to "unacceptable performance." 5 U.S.C. § 4303(a). Excepted service employees who are subject to discipline under this provision are entitled to notice, to representation by an attorney and to "a reasonable time to answer orally and in writing." 5 U.S.C. § 4303(b). The Court of Appeals has recently suggested that excepted service employees who are discharged under § 4303 may therefore have a protected property right in continued employment. *See Harrison v. Bowen,* 815 F.2d 1505 (D.C.Cir.1987). However, plaintiff here was not removed for "unacceptable performance" under § 4303 and he has not advanced any claim that this provision endows him with a property right in his job.

him a protected property right in his employment and therefore confers jurisdiction upon this Court to reinstate him to his job. In support of this claim, plaintiff relies upon the Supreme Court's opinion in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), which he cites for the proposition that the Court must confer the procedural rights guaranteed by the Constitution where there is any indication that the law restricts the grounds upon which an employee may be discharged. *See* Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment at 1–2.

Plaintiff's interpretation of *Loudermill* is not supported by the language of that decision. The *Loudermill* Court relied upon established precedent to reach the conclusion that an employee who was entitled by statute to retain his position "during good behavior and efficient service," and who could not be dismissed "except ... for ... misfeasance, malfeasance, or nonfeasance in office" had a protected property interest in his job. *See* 105 S.Ct. at 1491. *Loudermill* did not hold that any statute which has the effect of restricting in any manner the grounds upon which an employee could be discharged creates a property right. To the contrary, the *Loudermill* Court reaffirmed the decision in *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), which held that

> [t]o have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

*Id.* at 577, 92 S.Ct. at 2709.

The question presented in this case, therefore, is whether 5 U.S.C. § 2302(b)(10) grants the plaintiff a "legitimate claim of entitlement" to his job at the CFTC. An identical claim has recently been rejected by this Court in *Twist v. Meese*, where Judge Gesell held that

> § 2302(b)(10) does not address agency procedures in terminating employees.

Rather that section is targeted at preventing individual agency employees from abusing their authority and is only one of many "prohibited personnel practices" defined under § 2302(b) which may be subject to complaint at the Office of Special Counsel pursuant to 5 U.S.C. § 1206 (1982). The section is broadly worded, prohibiting "discrimination for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others...." It in no way grants employees a property interest in continued employment.

661 F.Supp. 231 (1987).

Plaintiff suggests that the decision in *Twist v. Meese* is incorrect because § 2302(b)(10) "restricts the grounds on which an employee, including an excepted service employee like plaintiff, can be terminated." *See* Plaintiff's Response to Reply of Defendant at 4–5. It is true that by prohibiting an agency employee from terminating another employee on the basis of conduct which is unrelated to work performance, § 2302(b)(10) does restrict the agency's discretion to engage in wholly irrational discharges. But it is clearly not the equivalent of a statute which provides employees with job tenure during "good behavior" or which provides that employees can only be terminated "for cause." The legislative history of § 2302(b)(10) suggests that it was intended to protect against discharges based on non work-related conduct and interests. *See* House Committee on Post Office and Civil Service, Mark-Up Session on H.R. 11280, 95th Cong., 2d Sess. 39–40 (June 21, 1978) (remarks of Representative Harris) (noting that § 2302(b)(10) "prohibit[s] discrimination against activities that have no bearing on one's job. Psychiatry, outside interests, a member of 'NOW' or 'Taxpayer's Alliance' or what have you.") *quoted in Merritt v. Department of Justice*, 6 MSPR 585, 6 M.S.P.B. 493, 506 (1981). By contrast, a statutory provision which protects against termination except "for cause" affirmatively requires that an employee be terminated only for work-related conduct

that is sufficiently grave to merit such a consequence.[2]

■ Moreover, there is no indication that in proscribing disciplinary action based on off-duty activities or interests, Congress intended to confer on excepted service employees the property interest that it had specifically denied them in Chapter 75. *Cf. Mack v. U.S.*, 814 F.2d 120 (2d Cir.1987) (fact that excepted service employee cannot be dismissed "for constitutionally impermissible reasons" such as race, gender, or religious belief does not mean that employee has property interest in continued employment). Plaintiff acknowledges that in all likelihood Congress did not intend for excepted service employees to have the procedural protections he advances. However, according to plaintiff, "Congressional intent is not dispositive; the Constitution is." *See* Plaintiff's Response to the Reply of Defendant at 5. Plaintiff is incorrect in suggesting that the intent of the legislature is irrelevant in determining whether a particular statute confers a property interest. As the Supreme Court has repeatedly stated,

> "Property interests are not created by the Constitution. Rather they are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."

*Board of Regents v. Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. The intent of the legislature is always relevant in determining the meaning of "existing rules or understandings." *See Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983).

For these reasons, the accompanying order denies plaintiff's motion for summary judgment and grants the defendant's motion for summary judgment. In view of this determination, there is no need to consider whether the pre-termination proce-

---

**2.** The Merit Systems Protection Board's decision in *Merritt v. Department of Justice*, 6 MSPR 585, 6 M.S.P.B. 493, 508 (1981), is not to the contrary. That case held that § 2302(b)(10) requires that when a competitive service employee is removed for cause pursuant to 5 U.S.C.

dures accorded to plaintiff met the constitutional standards of "due process."

### ORDER

For the reasons stated in the accompanying memorandum, it is this 23rd day of June, 1987, hereby

ORDERED: that the plaintiff's motion for summary judgment should be, and is hereby, DENIED; and it is further

ORDERED: that the defendant's motion for summary judgment should be, and is hereby, GRANTED; and it is further

ORDERED: that the complaint in this action should be, and is hereby, DISMISSED.

§ 7513, the ground for removal must has some "nexus" with the employee's duties. *Merritt* does not hold, or even suggest, that § 2302(b)(10) provides excepted service employees with a property interest in their jobs.