Anthony P. **REZZA**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, et al.**

**Civ. A. No. 87–6732.**

United States District Court, E.D. Pennsylvania.

Oct. 14, 1988.

Alice W. Ballard, Jean R. Sternlight, Samuel & Ballard, P.C., Philadelphia, Pa., for plaintiff.

Joanna M. Jacobs, Asst. U.S. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

LUDWIG, District Judge.

Defendants move for reconsideration of the order entered May 12, 1988 denying their cross-motion for summary judgment as to count 1, violation of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 791, 794, and count 3, violation of due process.[1]

On August 15, 1986 plaintiff was dismissed from his position as a special agent of the FBI. He filed this action asserting that the dismissal violated his rights under the Rehabilitation Act of 1973 and his constitutional right to due process. He contends that he has a mental health disorder known as "compulsive gambling" and that his dismissal resulted from an incident caused by this condition. According to defendants, the reasons were that plaintiff, in order to gamble at a casino in Atlantic City, misappropriated government funds, misused a government vehicle and made false official statements. They do not concede

that plaintiff is a compulsive gambler but maintain that he seeks to excuse his behavior by claiming the protection of the Rehabilitation Act.[2]

## I. Rehabilitation Act.

In their cross-motion for summary judgment, defendants contended that compulsive gambling is not a legal defense to collateral criminal activity. This argument was rejected as inapplicable to a civil action and, in particular, a Rehabilitation Act violation. In their motion for reconsideration, defendants maintain that even if plaintiff is a compulsive gambler he is not "otherwise qualified"—a Rehabilitation Act requirement, 29 U.S.C.A. § 794—because his criminal conduct rendered him unfit to be an FBI agent. Defendants urge that to accommodate plaintiff would be inconsistent with the requirements for being an FBI agent and would cast doubt upon the Bureau's integrity. This issue was considered in the original submission. Whether plaintiff was "otherwise qualified" cannot be ruled on at this stage, as a matter of law. *See* Memorandum, May 12, 1988, at 8–9.

## II. Due Process.

Defendants also move for reconsideration of count 3, the due process claim. The complaint alleges that representatives of the FBI assured plaintiff that if he made a full confession regarding his compulsive gambling, replaced the government's money and sought treatment he would not be dismissed. The complaint states that because plaintiff confessed, relying on these assurances, the dismissal violated his due process rights.

In their cross-motion for summary judgment, defendants contended that count 3 should be dismissed because of plaintiff's failure to exhaust administrative remedies. In their motion for reconsideration, they

1. The May 12, 1988 order denied plaintiff's motion for partial summary judgment on count 1 and *defendants'* cross-motion for summary judgment on counts 1, 2 and 3. Defendants' summary judgment motion as to count 4, promissory estoppel, was granted.

2. The memorandum accompanying the order of May 12, 1988 posits that plaintiff is a compulsive gambler. Plaintiff's psychiatric evidence supports that position. Until recently, defendants did not obtain a mental health examination of plaintiff, and the results of that examination have not yet been disclosed.

contend that plaintiff's exclusive remedy for discrimination based on handicap is under the Rehabilitation Act.

The 1978 amendments to the Rehabilitation Act made available to federal employees all the remedies, procedures and rights available under Title VII. *See* 29 U.S.C.A. § 794a(a)(1) ("The remedies, procedures and rights set forth in section 717 of the Civil Rights Act of 1964 ... including the application of sections 706(f) through 706(k) ... shall be available, with respect to any complaint under section 791"). Two years prior to the enactment of these amendments, the Supreme Court held that Title VII provided the exclusive judicial remedy for federal employment discrimination. *Brown v. General Serv. Admin.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Courts have consistently held that the *Brown* analysis is applicable to cases involving the Rehabilitation Act. *See, e.g., McGuinness v. United States Postal Serv.*, 744 F.2d 1318, 1322 (7th Cir.1984); *Shirey v. Devine*, 670 F.2d 1188, 1191 n. 7 (D.C. Cir.1982) (dictum); *Desroches v. United States Postal Serv.*, 631 F.Supp. 1375, 1379 (D.N.H.1986) ("The subsequent decision by Congress to incorporate the Title VII remedies into the Act evidences congressional intent that the statutory remedies be the exclusive means for vindicating rights against federal employers"); *Connolly v. United States Postal Serv.*, 579 F.Supp. 305, 307 (D.Mass.1984):

> Although we cannot be certain that Congress was aware of [the *Brown* ] decision when in section 505(a)(1) it created a judi-cial remedy identical to Title VII for federal discrimination against the handicapped, we also cannot believe that, given the *Brown* decision, Congress would have wanted us to interpret the Act as allowing the handicapped—alone among federal employees or job applicants complaining of discrimination—to bypass the administrative remedies in Title VII.

*McGuinness*, 744 F.2d at 1322.

While defendants correctly argue that the Rehabilitation Act is the exclusive remedy for discrimination based on a handicap, their "analysis is incomplete." *Arnold v. United States*, 816 F.2d 1306, 1311 (9th Cir.1987). The federal discrimination statutes do not preclude separate remedies for unconstitutional action other than discrimination. *See, e.g., Otto v. Heckler*, 781 F.2d 754, 757 (9th Cir.1986) (Title VII); *Ethnic Employees of the Library of Congress v. Boorstin*, 751 F.2d 1405, 1415–16 (D.C.Cir. 1985) (Title VII); *Nolan v. Cleland*, 686 F.2d 806, 814–15 (9th Cir.1982) (Title VII); *Desroches*, 631 F.Supp. at 1379 (Rehabilitation Act); *Munoz v. Orr*, 559 F.Supp. 1017, 1019–20 (W.D.Tex.1983) (Title VII). In those cases, the factual predicate for those claims was not the discrimination which is the basis for a claim under the Rehabilitation Act. *Desroches*, 631 F.Supp. at 1379. Here, assuming that the complaint states a cause of action for violation of due process, the predicate for the due process claim is distinguishable from that underlying the discrimination claim.[3]

An order follows.

---

**3.** Plaintiff contends that defendant "deprived him of his protected property right without providing him substantive due process." Plaintiff's Memorandum Regarding Due Process Argument at 2. In addition, plaintiff contends that he was "deprived of a constitutionally protected liberty without due process." *Id.* at 3; Plaintiff's Supplemental Memorandum Regarding Due Process Claim at 5.

"[R]equirements of due process apply only the deprivation of property or liberty interests sufficient to invoke the protections of the Constitution." *Painter v. Federal Bureau of Investigation*, 537 F.Supp. 232, 233 (N.D.Ga.1982), *aff'd*, 694 F.2d 255 (11th Cir.1982). "Therefore, plaintiff must have established a protectible property or liberty interest implicated in his discharge from the FBI before any due process is 'due.' " *Painter*, 537 F.Supp. at 233–34.

At the request of the court, counsel submitted briefs regarding whether plaintiff had a property interest in his position as an FBI special agent. Typically, FBI employees are excepted employees who have "no statutory right to continued employment ... and can be discharged with or without cause." *Mack v. United States*, 814 F.2d 120, 123 (2d Cir.1987). *See* 28 U.S.C.A. § 536 (1968). *But see Ashton v. Civiletti*, 613 F.2d 923 (D.C.Cir.1979) (FBI fostered rules and understandings which, by entitling non-probationary, non-investigatory employee to believe that he would lose his job as a clerk for only job related reasons, gave employee a property interest in his position). Nevertheless, because Rezza as a military veteran is a preference-eligible

ORDER

AND NOW, this 14th day of October, 1988 defendants' motion for reconsideration of their cross-motion for summary judgment is denied.

employee, *see* 5 U.S.C. § 2108(3) (1977), he is entitled to the same expectation of continued employment given to members of the competitive service. *See United States v. Fausto,* —— U.S. ——, ——, 108 S.Ct. 668, 673, 98 L.Ed.2d 830 (1988) (the definition of employee for purposes of Chapter 75 of the Civil Service Reform Act of 1978, 5 U.S.C.A. § 7501 *et seq.* "specifically includes preference eligibles in the excepted service"). *See also Garrow v. Phillips,* 664 F.Supp. 2, 3 (D.D.C.1987) ("employees in the excepted service who are not veterans are not classified as 'employees' for the purposes of Chapter 75").

A government employee's liberty interest can be implicated by adverse employment actions. *See, e.g., Mack,* 814 F.2d at 124; *Doe v. United States Dep't of Justice,* 753 F.2d 1092, 1105 (D.C. Cir.1985). *Cf. Anderson v. City of Philadelphia,* 845 F.2d 1216, 1221–22 (3d Cir.1988). The issue whether plaintiff has alleged a violation of a liberty interest is not before us.