790 F.2d 436
 40 Fair Empl.Prac.Cas. 1524,
40 Empl. Prac. Dec. P 36,302
Beverly C. HENDERSON, Plaintiff-Appellant,
v.
UNITED STATES VETERANS ADMINISTRATION, Harry Walters,
Administrator, Veterans Administration Hospital,
Houston, Texas, and John V. Sheehan,
Director, Defendants-Appellees.
 No. 85-2197.
 United States Court of Appeals,
Fifth Circuit.
 May 28, 1986.
 
 Beverly Henderson, pro se.
 Henry K. Oncken, U.S. Atty., Keith E. Wyatt, C.J. (Neil) Calnan, James R. Gough, Asst. U.S. Atty., Houston, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Texas.
 Before RUBIN, JOHNSON, and JONES, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 Beverly C. Henderson appeals from an adverse judgment rendered by the district court in her Title VII action against the United States Veterans Administration brought pursuant to 42 U.S.C. Sec. 2000e-16(a)-(e). The district court held that Henderson's race discrimination claims were time-barred because she failed to present them to an Equal Employment Opportunity counselor within thirty days of their occurrence. After a review of the record in this case, this Court holds that Henderson's claims were timely. Consequently, the district court's grant of partial summary judgment on this issue is reversed, and the remainder of the district court's disposition of this case is vacated. The case is remanded to the district court for further proceedings consistent with this opinion.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 2
 In May of 1973, Henderson was hired by the Veterans Administration as a graduate nurse technician at the Veterans Administration Hospital in Houston, Texas. Henderson, however, failed the state nursing examination and her employment was terminated on September 22, 1973. Shortly thereafter, Henderson passed the licensing examination and she was rehired by the Veterans Administration as a registered nurse. Henderson remained employed at the Houston Veterans Administration Hospital until August 2, 1977, at which time Henderson resigned.
 
 
 3
 Henderson asserts that she was constructively discharged on August 2, 1977. Henderson also alleges that she was denied a transfer on September 29, 1976. Finally, Henderson asserts that she was denied a promotion. The decision to deny the promotion was made on November 20, 1975, and Henderson was notified of the decision on January 19, 1976. Henderson asserts that these adverse employment decisions were made for discriminatory reasons.
 
 
 4
 Henderson alleges that she did not become aware of the discriminatory basis for these adverse personnel decisions until August of 1978 when she reviewed her personnel file and found that certain documents allegedly were missing from her files. Henderson consulted with an Equal Employment Opportunity counselor on August 24, 1978, a few days subsequent to that discovery.
 
 
 5
 Unable to informally resolve the complaint, Henderson filed a formal complaint against the Veterans Administration on September 19, 1978. On August 9, 1979, the Office of General Counsel of the Veterans Administration rejected Henderson's complaint on the ground that Henderson was not an employee of or applicant for employment with the Veterans Administration at the time her complaint was filed. The letter informed Henderson that she could appeal the decision to the Equal Employment Opportunity Commission (EEOC).
 
 
 6
 Henderson appealed on August 23, 1979, and the EEOC reversed the Veterans Administration's decision in an opinion dated December 11, 1980. In that opinion, the EEOC held that the term "employee" covered past employees in situations where the alleged discriminatory situation was related to or arose from a past employment relationship. Therefore, the EEOC concluded that Henderson fell within the purview of the statute. In addition, the EEOC opinion noted:
 
 
 7
 [A]lthough the agency improperly rejected appellant's complaint as not within the purview of EEO regulations, the agency must now determine the timeliness of the instant complaint. The record does not show the date when appellant first became aware of the possibility of discrimination, e.g. the day appellant received or found the records with the alleged erroneous information. An inquiry on this issue must be initiated by the agency and if it is determined that the complaint is timely, the agency must then process it in accordance with the regulations.
 
 
 8
 Record Vol. I at 48.
 
 
 9
 On remand, the Office of General Counsel of the Veterans Administration made the following determinations:
 
 
 10
 2. By decision dated December 11, 1980, ... the [EEOC] rescinded our acceptability decision of August 9, 1979, and remanded the case to this office for a determination [of] the timeliness of the underlying complaint. Even though they knew that complainant first contacted the EEO Counselor on August 24, 1978, [EEOC] could not say with certainty when she first became aware of the alleged discrimination. Hence, the timeliness of her complaint could not be determined ... on appeal.
 
 
 11
 3. In response to your letter dated February 12, 1981, complainant, by letter dated February 25, 1981, stated that she first became aware of the alleged discriminatory acts in August, 1978. We find nothing in the complaint file inconsistent with this statement. Accordingly, since she contacted the EEO Counselor during the same month she became aware of the alleged discrimination, we see no 30-day timeliness problem in this case. Therefore, her complaint must be accepted for further processing.
 
 
 12
 Record Vol. I at 45 (emphasis added).
 
 
 13
 Henderson's complaint was thereafter processed by the Veterans Administration. A Veterans Administration investigator determined that there was no discrimination, and informed Henderson of that finding in a letter. That letter also informed Henderson that she could request a hearing and decision by the General Counsel within fifteen days. At that point, Henderson obtained the assistance of counsel, and requested a hearing and decision by the General Counsel's office.
 
 
 14
 The General Counsel's Office assigned an EEOC hearings examiner to the case. A hearing was held on June 7, 1982, and a decision rendered on September 28, 1982. In that hearing, the Veterans Administration asserted for the first time that Henderson's complaint was untimely because it had not been brought to the attention of an EEO counselor within thirty days of the date of the alleged discriminatory acts. The EEOC Examiner concluded that the agency had waived the time limitations:
 
 
 15
 In the present complaint, the Examiner finds the agency has waived the filing period, because the case was remanded to the agency specifically to determine timeliness and the agency accepted the charges for processing,....
 
 
 16
 Record Vol. I at 202. The Examiner, however, went on to recommend a finding of no discrimination based on her conclusion that Henderson had failed to present a prima facie case of discrimination.
 
 
 17
 On November 19, 1982, the Veterans Administration adopted the Examiner's report. Henderson appealed to the EEOC, which issued its final decision on March 24, 1983, finding no discrimination. Henderson then filed the instant complaint in federal district court.
 
 
 18
 In district court, the Veterans Administration again asserted that Henderson's suit was time-barred because she failed to bring her claims to the attention of an EEO Counselor within thirty days of the date of the alleged discriminatory acts. The district court found that the alleged discriminatory acts occurred on August 2, 1977 (constructive discharge), September 29, 1976 (transfer), and January 19, 1976 (promotion). The district court also found that Henderson did not approach an EEO Counselor until August 24, 1978, one full year after the last alleged discriminatory act. Thus, the district court concluded that Henderson's claims were barred and that equity did not require tolling of the notice requirement. The district court, therefore, granted partial summary judgment in favor of the Veterans Administration on Henderson's claims of discriminatory discharge, promotion, and transfer.[1]
 
 
 19
 Henderson was represented by court-appointed counsel in the district court. She filed her complaint and prosecutes her appeal pro se, however. On appeal, Henderson argues that the district court's judgment should be reversed because her complaint was timely brought to the attention of the EEO counselor. Henderson asserts that the agency specifically found her complaint timely and that the agency's present argument to the contrary is foreclosed. In addition, Henderson asserts that the district court erroneously determined that equitable tolling did not apply in this case. This court holds that the agency waived the time limits. Consequently, the case must be remanded in order that the district court address the merits of Henderson's claims in the first instance.
 
 II. DISCUSSION
 
 20
 The exclusive remedy for claims of discrimination by federal employees is provided in 42 U.S.C. Sec. 2000e-16(a)-(e).[2] Brown v. General Services Administration, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976). The EEOC has authority to enforce the statute and to issue those regulations needed to implement the statute. One of those regulations requires that a complainant bring to the attention of an EEO counselor the matter causing the claimant to believe that the claimant has been discriminated against within thirty calendar days of the date of that matter. 29 C.F.R. Sec. 1613.214(a)(1)(i).[3] The Veterans Administration contends that Henderson failed to meet this requirement.
 
 
 21
 The timely notification to the appropriate administrative authority of a complaint of discrimination is a precondition to suit and may bar the claim. Lack of timely notification, however, does not deprive the court of subject matter jurisdiction. Coke v. General Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir.1981) (en banc) (ADEA private sector claim). The filing deadlines are in the nature of statutes of limitations which are subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982) (private sector claim); Oaxaca v. Roscoe, 641 F.2d 386 (5th Cir.1981) (federal sector claim); Chappell v. Emco Machine Works Co., 601 F.2d 1295, 1301-02 (5th Cir.1979) (private sector claim); Saltz v. Lehman, 672 F.2d 207 (D.C.Cir.1982) (federal sector claim).[4]
 
 
 22
 The regulations governing federal sector claims provide that the agency has discretion to extend the time limits in certain circumstances:
 
 
 23
 The agency shall extend the time limits in this section: (i) When the complainant shows that he was not notified of the time limits and was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or (ii) for other reasons considered sufficient by the agency.
 
 
 24
 29 C.F.R. Sec. 1613.214(a)(4) (1985). The central issue in this appeal is whether the agency made a finding under this section of the regulations when the General Counsel's Office determined that Henderson's complaint was timely. This Court concludes that such a finding was made and that it satisfies the regulations.
 
 
 25
 The Veterans Administration does not directly address or explain the agency finding on which Henderson relies. In support of its position, the Veterans Administration cites Oaxaca v. Roscoe, 641 F.2d 386 (5th Cir.1981), for the proposition that a claim brought outside the thirty day period is still untimely, and subject to dismissal in federal court, even if the agency accepted and investigated the untimely claim. See also DuVall v. United States Postal Service, 585 F.Supp. 1374, 1376 (D.D.C.1984).
 
 
 26
 In Oaxaca, this Court addressed the claim by the plaintiff-appellant that merely because the agency investigated and accepted a complaint, it automatically waived its objections to the timeliness of the complaint. The plaintiff-appellant relied on certain unqualified language in Huntley v. Department of Health, Education and Welfare, 550 F.2d 290, 295 (5th Cir.1977), stating that once a government agency accepts a complaint and acts on it, the time limits are no longer mandatory.
 
 
 27
 This Court, in Oaxaca, limited the broad language of Huntley
 
 
 28
 to the situation in which the agency has in fact made a finding of discrimination,.... [W]e reject Oaxaca's contention that the federal agency, by merely accepting and investigating a tardy complaint, automatically waives its objection to the complainant's failure to comply with the prescribed time delays.
 
 
 29
 641 F.2d at 390 (emphasis added, footnote omitted). Accord Boyd v. United States Postal Service, 752 F.2d 410 (9th Cir.1985); Saltz v. Lehman, 672 F.2d at 208.
 
 
 30
 The instant case is markedly different from the situation in Oaxaca. Henderson is not asserting that she is entitled to an automatic waiver merely because the Veterans Administration accepted and investigated her complaint. Rather, she asserts, and this Court agrees, that the Veterans Administration made a specific finding of timeliness in her case, after the case was remanded to the agency by the EEOC for that particular finding. She correctly argues that this determination held her application to be timely.
 
 
 31
 In this case, the Veterans Administration found that there was "nothing in the complaint file inconsistent with" Henderson's statement that she first became aware of the alleged discriminatory acts in August of 1978 and that she "contacted the EEO Counselor during the same month she became aware of the alleged discrimination...." The General Counsel's Office concluded, "[W]e see no 30-day timeliness problem in this case. Therefore, her complaint must be accepted for further processing." Record Vol. 1 at 45 (emphasis added). Although the memorandum did not specifically refer to 29 C.F.R. Sec. 1613.214(a)(4), this Court concludes that the agency determination falls squarely within that regulation.
 
 
 32
 This holding is not inconsistent with Oaxaca. In that case, this Court declined to extend the language of the Huntley case to find an automatic waiver in every case in which the agency decides to accept and investigate a complaint. Such a broad rule is unacceptable because agencies may inadvertently overlook timeliness problems and should not thereafter be bound. See Scott v. Claytor, 469 F.Supp. 22, 24 (D.D.C.1978) (29 C.F.R. Sec. 1613.214(a)(4) contemplates a deliberate and not inadvertent decision to waive a timeliness defense). A broad rule might also discourage administrative resolution of meritorious claims, which nevertheless are untimely. Nothing in Oaxaca, however, indicates that an agency may not extend the time for filing a complaint, as the regulations permit.
 
 
 33
 29 C.F.R. Sec. 1613.214(a)(4) unequivocally requires that the time limits be extended for "reasons considered sufficient by the agency." In this case, the agency fully investigated the timeliness of the complaint, and found a satisfactory reason for the delay. No more was required to fulfill the statutory prerequisites to suit, and the district court need not have reconsidered the question of timeliness. Cf. Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011, 1014 n. 6 (5th Cir.1971).
 
 
 34
 We do not decide whether, once having found that circumstances warranted an extension of the time limits, the VA might have reconsidered and altered its finding in the light of new information or a more careful review. Like any federal agency, the VA may revise its decisions as long as it acts in a reasoned and nonarbitrary manner. See, e.g., Dawson v. Merit Systems Protection Board, 712 F.2d 264, 267 (7th Cir.1983); Hatch v. FERC, 654 F.2d 825, 834 (D.C.Cir.1981); Trujillo v. General Electric Co., 621 F.2d 1084, 1086 (10th Cir.1980). But the VA did not retract or refute its finding here. It simply raised an objection in court that was mooted by its earlier unmodified finding .
 
 
 35
 This Court concludes that Henderson's claim was timely filed at the administrative level, and that the district court erroneously granted partial summary judgment in favor of the Veterans Administration. Because of this resolution, Henderson's additional arguments need not be addressed. This Court vacates the remainder of the district court's judgment so that it will be free to reconsider the entire case without restraint.[5]
 
 III. CONCLUSION
 
 36
 For the foregoing reasons, the judgment of the district court is reversed in part, vacated in part, and remanded for a consideration of the merits of Henderson's claims in a manner consistent with this opinion.
 
 
 37
 REVERSED IN PART; VACATED IN PART, AND REMANDED.
 
 
 
 [1]
 The district court also held that the mere assertion that certain items were missing from Henderson's personnel records failed to state a claim under Title VII. Thus, the district court dismissed any complaint Henderson had on that factual basis. Finally, the district court ruled that Henderson's complaint only alleged two statutory bases for recovery: 42 U.S.C. Sec. 2000e-5 and 42 U.S.C. Secs. 2000e et seq. Because the exclusive remedy for Henderson's claims fell under 42 U.S.C. Sec. 2000e-16(a)-(e), the district court concluded that it lacked subject matter jurisdiction over the complaint as pleaded. Thus, the district court concluded that the Veterans Administration's motion to dismiss would have to be granted in any event
 
 
 [2]
 For this reason, Henderson's contention that she can proceed under 42 U.S.C. Sec. 1981 or 42 U.S.C. Secs. 2000e-5 et seq. is without merit
 
 
 [3]
 29 U.S.C. Sec. 1613.214(a)(1)(i) (1985) provides:
 (a) Time limits. (1) ... The agency may accept the complaint for processing in accordance with this subpart only if:
 (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe that he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date; ....
 
 
 [4]
 As noted by Justice White in his dissent from denial of certiorari in Stuckett v. United States Postal Service, --- U.S. ----, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984), the circuits conflict over the question of whether the time limits for federal sector complaints set forth in the regulations are jurisdictional or are not jurisdictional. The Seventh Circuit, in Sims v. Heckler, 725 F.2d 1143 (7th Cir.1984), held that the time limits were jurisdictional and that the Supreme Court's holding in Zipes was inapplicable in the federal sector context because of sovereign immunity considerations. Justice White noted that the Seventh Circuit's position conflicted with the position of at least three other circuits. See Martinez v. Orr, 738 F.2d 1107 (10th Cir.1984); Milam v. United States Postal Service, 674 F.2d 860 (11th Cir.1982); Saltz v. Lehman, 672 F.2d 207 (D.C.Cir.1982). The Fifth Circuit, as noted, can be added to that list. Oaxaca, 641 F.2d at 388
 
 
 [5]
 The district court also noted that it would be required to dismiss Henderson's complaint in any event, because Henderson did not allege a proper statutory basis for relief. Henderson asserted that her claim fell under either 42 U.S.C. Secs. 2000e-5 et seq. or 42 U.S.C. Secs. 2000e et seq. As noted, her sole remedy lies under 42 U.S.C. Sec. 2000e-16(a)-(e). In the interest of justice, the district court should allow Henderson, who drafted her complaint pro se, to plead the specific statutory provision