**Gregory T. BAILEY, Plaintiff,**

v.

**Preston R. TISCH, Defendant.**

**Civ. No. C–1–87–95.**

United States District Court,
S.D. Ohio.

March 24, 1988.

Robert Laufman, Cincinnati, Ohio, for plaintiff.

Elizabeth Mattingly, Cincinnati, Ohio, Michael Propst, Philadelphia, Pa., for defendant.

## FINDINGS OF FACT, OPINION AND CONCLUSIONS OF LAW

CARL B. RUBIN, Chief Judge.

This matter is before the Court following trial and the presentation of evidence and testimony on February 1 and 2, 1988. Plaintiff asserts a right to the recovery of damages because of the failure of the United States Postal Service to hire him in violation of 29 U.S.C. § 794a and 42 U.S.C. § 2000e–5(f). In accordance with Rule 52 of the Federal Rules of Civil Procedure the Court does submit herewith its Findings of Fact, Opinion and Conclusions of Law.

### I. FINDINGS OF FACT

1. Plaintiff Gregory Bailey sought employment with the United States Postal Service in December, 1985. At that time plaintiff had been recently discharged from the United States Army handicapped by heart disease for which he received a service connected disability. Plaintiff sought a position either as a distribution clerk, carrier clerk, or a mail handler. He took the appropriate civil examinations and his

score when combined with his veteran's preference was sufficiently high to make him eligible for employment by the United States Postal Service.

2. In January, 1986, plaintiff was given a physical examination and an assessment by Dr. David C. Randolph (Joint Ex. III). The results of that examination were subsequently reviewed by Dr. Doran Christiansen, an employee of the United States Postal Service, whose function it was to evaluate applicants for employment with the Postal Service. Dr. Christiansen determined that the plaintiff was not employable at the time based upon an examination of his medical records which indicated in part that the plaintiff was "asymptomatic, but serious disease", that there was an 85% obstruction of some arteries in the heart, and that he was "stable on medical therapy." (Defendant's Exhibit D). It was Dr. Christiansen's determination that in view of his medical history there was a need for cardiac reevaluation consisting of a Holter examination and a stress test. It was Dr. Christiansen's further belief that these tests could not be made as long as the plaintiff continued to receive medication for his condition. Dr. Christiansen had available to him diagnoses within the previous year indicating a "severe" or an acute myocardial infarction. Dr. Christiansen found that plaintiff was unsuitable as a carrier clerk at that time. He indicated further that his opinion was subject to further evaluation in approximately six months (Joint Ex. V).

3. Plaintiff exercised his rights to an appeal to the Office of Personnel Management (Joint Ex. VIII). That office affirmed the decision of the examining physician (Joint Ex. XVI).

4. In addition to filing an appeal regarding the determination as to his physical condition, the plaintiff likewise requested counseling with the "EEO Counselor" on September 5, 1986 (Joint Ex. XI). Plaintiff was advised of his rights to file a formal complaint within fifteen calendar days after receipt of a notice dated December 8, 1986 (Joint Ex. XII and a complaint of discrimination was filed by plaintiff thereafter (Joint Ex. XIII). A final decision was made on February 2, 1987 finding that plaintiff had failed to contact the Equal Employment Opportunity Counselor within thirty calendar days of the incident (Joint Ex. XV).

5. There was displayed in the Personnel Office of the United States Postal Service where plaintiff made his original application for employment, a sign approximately 11″ × 17″ with the following language in the first paragraph: "Any ... applicant for postal employment who believes equal employment opportunity has been denied because of ... physical handicap may submit such a problem to the authorized EEO representative. Employees on all tours may submit requests for counseling to EEO Counselor, Room 448, Main Office ... or call (513) 684–5463."

## II. OPINION

This cause of action tried before the Court presents two issues for determination. The initial issue is whether this Court has jurisdiction to hear this action, which requires two further inquiries. First, whether plaintiff Bailey complied with notification requirements to the EEO Counselor of his intention to bring suit as required by 29 C.F.R. § 1613.214. Additionally, whether defendant Tisch failed to notify plaintiff of his administrative remedies.

The second issue to be determined is whether defendant Tisch failed to hire plaintiff because of a handicap and failed to make reasonable accommodations pursuant to 29 U.S.C. § 794a(1).

A. Defendant submits that 29 C.F.R. § 1613.214(a)(1)(i) requires that a person alleging unlawful employment discrimination must bring to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against, within 30 calendar days of the date of that matter or if a personnel action within 30 calendar days of its effective date. The EEO Counselor was contacted regarding this matter on September 5, 1986, 205 days after the incident and accordingly such complaint was rejected as untimely. (Joint Ex. XV)

■ The United States Court of Appeals for the Sixth Circuit has recently held that the 30 day period for bringing a complaint to the attention of an EEO counselor is not a jurisdictional prerequisite for filing an action in district court. *Boddy v. Dean,* 821 F.2d 346 (6th Cir.1987) Disagreeing with *Sims v. Heckler,* 725 F.2d 1143 (7th Cir.1984) Other United States Courts of Appeal that have considered this question have also disagreed with *Sims.* See *Henderson v. United States Veterans Administration,* 790 F.2d 436, 440 (5th Cir. 1986); *Zografov v. Veterans Administration Medical Center,* 779 F.2d 967, 968 (4th Cir.1985); *Boyd v. United States Postal Service,* 752 F.2d 410, 414 (9th Cir.1985); *Saltz v. Lehman,* 672 F.2d 207, 208 (D.C. Cir.1982). The courts that have found the requirement not to be jurisdictional have relied on the Supreme Court's decision in *Zipes v. Trans World Airlines Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) which held that the requirement is one like that of "statute of limitations which is subject to waiver, estoppel and equitable tolling" *Id.* at 393, 102 S.Ct. at 1132. Accordingly, this Court is not jurisdictionally precluded from hearing this cause of action and further inquiry into equitable tolling is appropriate.

■ In such an inquiry, 29 C.F.R. § 1613.214(a)(4) provides the proper guidelines. It states that a complainant may obtain an extension of the 30 day period if he shows: i) that he was not notified of the time limits *and* was not otherwise aware of them, or that he was prevented by circumstances beyond his control from submitting the matter within the time limits; or ii) for other reasons considered sufficient by the agency. 29 C.F.R. § 1613.214(a)(4) (Emphasis added).

In reliance upon this regulation, plaintiff's position is that defendant failed to notify him of his administrative rights and remedies. In support of this argument, plaintiff submits a letter written by Richard Lawson on February 19, 1986 which informed plaintiff that he was tentatively found medically unsuitable for the position of PTF carrier. (Joint Ex. IX) In the letter, plaintiff was notified of his right to appeal that determination to the Office of Personnel Management. (Id) Plaintiff exercised his right to appeal (Pl. Ex. 8) and the Office of Personnel Management sustained the position that he was not qualified for the position. (Joint Ex. XVI) Nevertheless, plaintiff argues he was not informed of his right to make an EEO complaint.

This Court notes the "Revised Medical Forms, Policy and Procedures of the United States Postal Service Personnel Operations." (Pl. Ex. 10) Section 327.221, Right to Review, states that "when a tentative determination is made that a CPS veteran (Disabled Veterans with 30% or more disability) is determined not medically suitable he is afforded the right to an OPM review." (Pl. Ex. 10) It further states that "as soon as possible after the adverse medical suitability determination is made, the appointing official must advise the eligible of the right to respond in writing within 15 days of the date of the notification to: Office of Personnel Management, Recruiting and Staffing Service Division, Room 6552, 1900 E Street N.W., Washington, DC 20415–0001." A careful review of the letter submitted as Joint Ex. IX, reveals that this notification is not be construed as inadequate in its failure to notify plaintiff of his EEO rights but rather as a full and comprehensive compliance with the requisite Right to Review Procedures of Personnel Operations.

More importantly, the appropriate regulations controlling EEO complaints with the United States Postal Service are found in 29 C.F.R. § 1613.204(8)(f). It sets forth that an agency shall:

Publicize to its employees and post permanently on official bulletin boards;

The name and address of the appropriate Equal Employment Opportunity Officer;

The name and address of the Equal Employment Opportunity Counselor and the organizational units he serves; his availability to counsel an employee or applicant for employment who believes that he has been discriminated against because of race, color, religion, sex, or na-

tional origin; and the requirement that an employee or applicant for employment must consult the Counselor as provided by § 1613.213 about his allegation of discrimination because of race, color, religion, sex, or national origin before a complaint as provided by § 1613.214 may be filed; and

Time limits for contacting an Equal Employment Opportunity Counselor.

29 C.F.R. § 1613.204(8)(f)

Evidence was presented to the Court as Government's Exhibit E which constituted an 11″ × 17″ yellow notice, posted at the official bulletin board in conformance with the above regulation. (Tr. 100–102) This notice additionally included age and physical or mental handicaps as alleged discrimination problems. (Govt. Ex. E)

Posting requirements were undoubtedly created because Congress recognized that the very person protected by an Act might be unaware of its existence. *Bonham v. Dresser Industries*, 569 F.2d 187 (3d Cir. 1977) *cert. denied* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978) If a poster is not posted, the employer bears the burden of proving that the employee was generally aware of his rights. *McLinton v. Alabama By–Products Corp.*, 743 F.2d 1483 (11th Cir.1984) In the present instance the proper notice was posted in a prominent and accessible place where it could readily be observed. (Tr. 100–102) If notice is properly posted and the employee does not see it or sees it but is still not aware of his rights, there will normally be no tolling of the filing period. *Id.* See also *Bonham, supra.* Furthermore, posting of the EEO procedures on workplace bulletin boards as required and in compliance with EEOC regulation 29 C.F.R. § 1613.204(f) has been held to constitute objective notice of the filing requirements to the plaintiff. *Connolly v. United States Postal Service*, 579 F.Supp. 305 (D.Mass.1984).

This Court finds that the United States Postal Service fully satisfied its obligations as required under 29 C.F.R. § 1613.204.

This Court is also unaware of any authority, and plaintiff cites none, that the Postal Service was required to personally inform the plaintiff of his EEO complaint appellate rights. Furthermore, the applicable regulations in no way require such notice.

Accordingly, this Court finds that the evidence presented does not entitle the complainant to an extension of the 30 day period under 29 C.F.R. § 1613.214(a)(4). Plaintiff's complaint was not timely filed and it is hereby dismissed.

B. While the foregoing is dispositive, the Court believes that the merits of plaintiff's claim should be considered. He asserts that defendant Tisch failed to hire him because of a handicap and failed to make reasonable accommodations pursuant to 29 U.S.C. 794a(a)(1).

In order to assert a claim that he was discriminated against because of a physical handicap, plaintiff must satisfy the threshold requirement that he is a handicapped person as defined by the statute. *Jasany v. United States Postal Service*, 755 F.2d 1244 (6th Cir.1985) A handicapped person is one who has a physical or mental impairment which substantially limits one or more of such persons major life activities, has a record of such impairment or is regarded as having such an impairment. 29 U.S.C. § 706(7)(B), 29 C.F.R. § 1613.702(a). "Major life activities" is defined in 29 C.F.R. § 1613.702(c) as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and *working.*" *Jasany, supra* at 1248.

Evidence was presented to the Court that plaintiff was honorably discharged from the Army as medically unfit to perform duties on the basis of a heart attack. (Tr. 7) At that time, plaintiff was assigned a temporary rating of sixty percent disability which in August or September of 1986 was reduced to thirty percent (Tr. 61). At the time plaintiff applied for positions at the United States Post Office such a disability rating qualified plaintiff as a handicapped person. (See Plaintiff Ex. 10 at 327.2) However, even if Bailey is classified as a handicapped person he must still be qualified to perform the duties for

which he would be hired by the Post Office. *Jasany, supra* at 1250.

The Rehabilitation Act 29 U.S.C.A. § 794 was enacted to promote and expand employment opportunities in the public and private sectors for handicapped individuals. Section 504 of the Act, 29 U.S.C.A. § 794 provides in part:

No *otherwise qualified handicapped individual* in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service ... (Emphasis added).

■ A "qualified handicapped person" is one "who with or without reasonable accommodation, can perform the essential functions of the position in question." 29 C.F.R. § 1613.702(f). The seminal case interpreting the term "otherwise qualified handicapped individual" under the Rehabilitation Act is *Southeastern Community College v. Davis,* 442 U.S. 397, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979). An otherwise qualified person is one who is able to meet all of a program's requirements in spite of his handicap. *Id.* See *Daubert v. United States Postal Service,* 733 F.2d 1367 (10th Cir.1984). The statute prohibits the nonhiring of a handicapped individual when the disability does not prevent that individual from performing the job. *Carmi v. Metropolitan St. Louis Sewer Dist.,* 471 F.Supp. 119 (E.D.Mo.1979), *aff'd on other grounds,* 620 F.2d 672 (8th Cir.1980), *cert. denied* 449 U.S. 892, 101 S.Ct. 249, 66 L.Ed.2d 117 (1980). A cause of action exists therefore only if an individual shows that he is *otherwise* qualified for the position sought and that even though he was otherwise qualified, he was rejected for the position solely on the basis of his handicap. *Daubert, supra* at 1371. See *Pushkin v. Regents of University of Colorado,* 658 F.2d 1372 (10th Cir.1981); *Treadwell v. Alexander,* 707 F.2d 473 (11th Cir.1983); *Cook v. United States Department of Labor,* 688 F.2d 669 (9th Cir.1982) *cert. denied* 464 U.S. 832, 104 S.Ct. 112, 78 L.Ed.2d 113 (1983); *Doe v. New York University,* 666 F.2d 761 (2d Cir.1981); *Prewitt v. United States Postal Service,* 662 F.2d 292 (5th Cir.1981).

■ It is this precise issue which creates the present controversy. Undoubtedly, plaintiff considers himself physically fit to perform the functions of the jobs which he applied for in the Post Office (Tr. 11). Yet the U.S. Post Office required certain tests be satisfied before being qualified to perform in a position. (Govt. Ex. A, B).

Plaintiff applied for three separate positions with the United States Post Office; distribution clerk (often referred to as machine clerk), carrier clerk, and mail handler.

In regard to distribution clerk, a prehiring training session for dexterity evaluation is a requirement for the position (Tr. 70–72). Plaintiff completed 5.5 hours of training in three days and voluntarily terminated his training session thereafter (Tr. at 72, Govt. Ex. C) It was Plaintiff's own actions that effectively withdrew his application for consideration as a distribution clerk. Accordingly, this Court finds defendant Tisch did not fail to hire plaintiff Bailey because of his handicap.

The second application that plaintiff presented to the United States Post Office was for the position of carrier clerk. One of the initial requirements before appointment under the qualification standards is a physical examination due to the strenuous physical demands of the position. (Tr. 103–104) (Govt. Ex. A) A physical examination was conducted by Dr. David Randolph which was later reviewed by an employee of the United States Postal Service, Dr. Doran Christiansen. (Tr. 115–116) (Joint Ex. III) Dr. Christiansen diagnosed plaintiff as still taking medication known as Atenolol, Procan, and Transderm. (Tr. 118) More importantly, plaintiff was still under evaluation at the VA hospital for dysrhythmia, or irregularity of the heart rate (Tr. 118, 134). In addition, plaintiff was to remain on the medication for several more months. (Tr. 118) The record from the VA hospital further indicated that plaintiff

would be required to undergo a repeat stress test as well as a Holter monitor test. (Tr. 126) It had never been determined following plaintiff's heart attack whether he was medically stable (Tr. 126). Under this evaluation plaintiff was deemed unqualified for the position at the time and only unqualified until a reevaluation was completed in approximately six months (Tr. 133–134). At no time after that evaluation did plaintiff present information to Dr. Christiansen that he had undergone a subsequent stress test or Holter monitor test (Tr. 142).

The continuing observation for exercise induced or exercise related extra heartbeats rendered plaintiff unsuitable for the position. See (Tr. 134) Therefore, plaintiff was not qualified to perform the essential functions of the position with or without reasonable accommodation. *Jasany, supra.* Defendant Tisch did not fail to hire plaintiff for the position of carrier clerk because of a handicap nor for failure to make reasonable accommodations.

The final position plaintiff applied for was that of mail handler. Again the qualification standards required a physical examination and additionally required a test of strength and stamina for applicants with heart trouble (Tr. 105–107). (Govt. Ex. B) Generally mail handler's work is even more strenuous than a carrier clerk's work (Tr. at 143) (Govt. Ex. B). The record is unclear whether Dr. Christiansen personally evaluated plaintiff, but plaintiff had not performed the stress test as required by the qualification standards (Tr. 108). Based upon plaintiff's medication and evaluation, Dr. Christiansen would have found plaintiff unsuitable to even participate in that particular test at the time due to his medical condition. (Tr. 143)

This Court additionally notes that applicants for both carrier clerk and mail handler who have had heart attacks in the past have been found suitable or qualified for such positions *when* their medical conditions are diagnosed as stable (Tr. 145).

Plaintiff was also not qualified to perform the essential functions of mail handler. *Jasany, supra.* Accordingly defendant Tisch did not fail to hire plaintiff for the position of mail handler because of a handicap nor for failure to make reasonable accommodations.

## III. CONCLUSIONS OF LAW

A. This Court has jurisdiction pursuant to 29 U.S.C. § 794a and 42 U.S.C. § 2000e–5(f).

B. The 30 day period for bringing a complaint to the attention of an EEO Counselor is not a jurisdictional prerequisite for filing an action in district Court. *Boddy v. Dean,* 821 F.2d 346 (6th Cir.1987).

C. Equitable tolling is not appropriate when an agency or employer has fully complied with all regulations and plaintiff ignores his appeal rights.

D. A "qualified handicapped individual" is one "who with or without reasonable accommodation, can perform the essential functions of the position in question" *Jasany v. United States Postal Service,* 755 F.2d 1244, (6th Cir.1985), 29 C.F.R. § 1613.702(f).

E. A cause of action exists only if an individual shows that he is otherwise qualified for the position sought and that even though he was otherwise qualified, he was rejected for the position solely on the basis of his handicap. *Daubert v. United States Postal Service,* 733 F.2d 1367 (10th Cir. 1984).

F. Defendant Preston R. Tisch did not fail to hire plaintiff Gregory T. Bailey for the positions of distribution clerk, carrier clerk, and mail handler because of a physical handicap.

IT IS SO ORDERED.