Jessie JOHNSON

v.

Marvin T. RUNYON, Jr., Postmaster
General, United States Postal
Service.

No. 93 C 7675.

United States District Court,
N.D. Illinois,
Eastern Division.

March 16, 1994.

Jeffrey B. Gilbert, Naomi Ann Avendano, Cynthia Janine Sadkin, Legal Assistance Foundation of Chicago, Chicago, IL, for plaintiff.

James B. Burns, U.S. Atty., Charles E. Ex, Asst. U.S. Atty., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

CONLON, District Judge.

Plaintiff Jessie Johnson ("Johnson") sues Marvin T. Runyon, Jr., the Postmaster General of the United States Postal Service ("the Postal Service") for discrimination. Johnson alleges that the Post Office has violated sections 501 and 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791 and 794 (1993). The Postal Service moves to dismiss Johnson's complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 56.

## BACKGROUND

The basic facts are not in dispute. In September 1992, Johnson applied for a "casual" (temporary) position as a mail handler in the South Suburban division of the Postal Service in Bedford Park, Illinois. Complaint ¶ 7. On approximately November 2, 1992, Johnson received a letter dated October 29, 1992, informing her that she would not be hired because "[y]ou've been medically determined to have a risk restriction. Casual applicants are usually considered on the basis of *no risk restrictions.*" *Id.* at ¶ 11 (emphasis in original). On November 7, 1992, Johnson wrote to the Postal Service medical unit requesting additional information concerning her medical examination. *Id.* at ¶ 13. Johnson did not receive a response to her letter, nor to her numerous phone calls to the South Suburban division of the Postal Service. *Id.* at ¶¶ 14–15.

Johnson attempted to file a charge of handicap discrimination against the Postmaster General of the United States Postal Service at the Illinois Department of Human Rights, but that agency referred her to the Equal Employment Opportunity Commission in Chicago, Illinois ("the EEOC"); when Johnson attempted to file a charge with the EEOC, the EEOC advised Johnson that she must first consult with an Equal Employment Opportunity ("EEO") counselor at the Postal Service. *Id.* at ¶¶ 16–17. On March 1, 1993, Johnson filed a request for EEO counseling at the South Suburban division of the Postal Service. *Id.* at ¶ 18. On June 8, 1993, the EEO department, Central Illinois Customer Service District in Bedford Park, Illinois, conducted an EEO counseling initial interview with Johnson. *Id.* at ¶ 19. In late June, Johnson received a letter from the Postal Service's EEO counselor dated June 21, 1993, informing her that she had been denied a casual position based on the risk restriction of hypertension. *Id.* at ¶ 20.

After Johnson received the June 21, 1993 letter from the EEO counselor, she filed a timely formal complaint of discrimination with the United States Postal Service. *Id.* at ¶ 22. On August 6, 1993, Johnson received a final agency decision from the Great Lakes Area Office of Equal Opportunity Compli-

ance/Appeals Office dismissing her complaint because her March 1, 1993 request for EEO counseling was not made within 45 days of the alleged discrimination. *Id.* at ¶ 23. On August 30, Johnson filed a timely appeal with the EEOC Office of Federal Operations, and the EEOC affirmed the August 6th decision on November 24, 1993. *Id.* at ¶¶ 24–26.

Johnson was employed by the O'Hare division of the Postal Service from approximately December 4 through 29, 1992, in a temporary casual position as a mail handler. *Id.* at ¶ 30. Johnson was employed by the Downtown Chicago (Main) division of the Postal Service from approximately November 1 through December 23, 1993, in a temporary casual position as a mail handler. *Id.* at ¶ 31.

### DISCUSSION

Since the court relies on affidavits submitted by both sides in addition to their briefs, the Postal Service's motion shall be treated as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Unterreiner v. Volkswagen of America, Inc.,* 8 F.3d 1206, 1209 (7th Cir.1993). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Stewart v. McGinnis,* 5 F.3d 1031, 1033 (7th Cir.1993). In considering a motion for summary judgment, this court must consider all evidence in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513; *Unterreiner,* 8 F.3d at 1209. The nonmoving party must go beyond the pleadings and set forth specific facts showing that there is a genuine issue for trial. Fed. R.Civ.P. 56(e); *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *Stewart,* 5 F.3d at 1033.

Johnson brings her suit under Sections 501 and 504 of the Rehabilitation Act, 29 U.S.C. §§ 791, 794 (1993). Section 501 imposes an affirmative duty upon federal agencies "to structure their procedures and programs so as to ensure that handicapped individuals are afforded equal opportunity in both job assignment and promotion." *McWright v. Alexander,* 982 F.2d 222, 225 (7th Cir.1992) (citations omitted). Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits discrimination based on an individual's handicap under "any program or activity conducted by any Executive agency or by the United States Postal Service." *Id.* The applicable regulations state: "[a]n aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory." 29 C.F.R. § 1614.-105(a)(1) (1993).

■ The administrative deadline requiring Johnson to bring her discrimination complaint to the attention of an EEO counselor within 45 days of the conduct giving rise to the complaint is construed as a statute of limitations rather than a jurisdictional prerequisite. *Rennie v. Garrett,* 896 F.2d 1057, 1062–63 (7th Cir.1990). Thus, Johnson must be allowed to offer equitable arguments to excuse her failure to comply with the deadline. *Id.* at 1062; *see also Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 95–96, 111 S.Ct. 453, 457–58, 112 L.Ed.2d 435 (1990) (holding that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States" in a Title VII case). In addition, the regulations themselves articulate circumstances warranting the extension of the 45–day time limit:

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been [sic] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons....

29 C.F.R. § 1614.105(a)(2) (1993).

The Postal Service contends that Johnson's suit is barred because Johnson did not initi-

ate contact with an EEO counselor within 45 days of her November 2, 1992 receipt of the letter informing her that she would not be hired because she was found to have a medical risk restriction. Johnson contends that she meets the criteria for tolling, waiver or equitable estoppel of the limitations period as to her claim under § 501 of the Rehabilitation Act. Specifically, Johnson raises three arguments in favor of extending the 45–day time limit and allowing her suit. First, Johnson claims she was never personally notified or otherwise individually made aware of the 45–day time requirement. Second, Johnson claims she was not aware of the alleged discrimination within 45 days of November 2, 1992. Third, Johnson argues that the Postal Service actively misled her or intentionally concealed information and the Postal Service is therefore estopped from relying on its time-bar defense. In addition, Johnson claims that the 45–day limitations period does not apply to her claim under § 504 of the Rehabilitation Act.

## 1. Notice

■ First, Johnson claims her lack of actual notice means she is not bound by the 45–day time limit. Johnson notes that the letter she received on November 2, 1992 did not mention anything about her right to file a discrimination charge or the time limits for doing so. Complaint, Exh. A. In addition, Johnson contends that she never saw any notice posted in the South Suburban division of the Postal Service regarding the complaint procedures and time deadlines for filing complaints of employment discrimination with the Postal Service. *Id.* at ¶ 28. Johnson explains that she picked up an employment application at the service window in the public area of the South Suburban Post Office in September 1992. Johnson Aff. at ¶¶ 2–3. Johnson states she saw no notices posted regarding employment discrimination complaint procedures. *Id.* at ¶ 3. Johnson returned to the South Suburban facility to provide a urine sample for a drug test: she went directly to a room with a nurse, provided the sample, and left. *Id.* at ¶ 4. Johnson did not go to the personnel office or to any of the work areas at the South Suburban facility. *Id.* at ¶ 5.

After she applied for a job, Johnson was required to go to an orientation at the Fox Valley Post Office on October 7, 1992. *Id.* at ¶ 6. Johnson got lost on her way to the Fox Valley facility, arrived at the facility quite late, entered the building and received directions from an employee to the orientation room. *Id.* at ¶¶ 7–8. Johnson claims she did not see any notices posted near the entrance to the Fox Valley facility, nor was information about EEO filing procedures or deadlines presented as part of the orientation. *Id.* at ¶¶ 9, 11. Johnson was never in the personnel office at the Fox Valley facility. *Id.* at ¶ 12. On October 8, 1992, Johnson submitted to a physical examination in a doctor's office. *Id.* at ¶ 14.

Johnson began work as a casual worker at the O'Hare facility of the Postal Service on approximately December 4, 1992. *Id.* at ¶ 20. Johnson states that she never saw any notices at the O'Hare facility regarding EEO complaint procedures. *Id.* at ¶ 22. She admits she did not notice what was on the employee bulletin boards because she did not think that information applied to her. *Id.* Johnson was never in the personnel office at the O'Hare facility. *Id.* at ¶ 23.

The Postal Service argues that Johnson's complaint fails to state a claim because Johnson does not affirmatively plead that no EEO notices were posted or, in the alternative, the Postal Service is entitled to summary judgment because Johnson had constructive notice of the 45–day time limit. First, the Postal Service argues that Johnson must affirmatively plead that no EEO notices were posted in order to be entitled to equitable tolling. Johnson's complaint merely states that she "never saw any notice posted in the South Suburban division of the Postal Service regarding the complaint procedures and time deadlines for filing complaints of employment discrimination with the Postal Service." Complaint ¶ 28.

In a case involving a motion for summary judgment, the Seventh Circuit held that the plaintiff's affidavit that he never saw the posted notices was insufficient to establish a genuine issue of material fact. *Posey v. Skyline Corp.,* 702 F.2d 102, 105–06 (7th Cir.),

*cert. denied,* 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). The *Posey* court stated:

Posey's affidavit merely indicates that Posey never saw the ADEA notice, which is not the same as an averment that the notice was not in fact conspicuously posted. This is no doubt a very close distinction, but it is one we must draw, especially in light of the strict requirements of Rule 56 of the Federal Rules of Civil Procedure.... Posey's affidavit perhaps at best hints that a question of fact may exist in this case. Rule 56, however, demands that Posey show *specific* facts indicating that a genuine issue does indeed exist for trial.... Unsupported by other evidence, Posey's averment that he never saw an ADEA poster at Skyline fails to go far enough to rebut Skyline's unambiguous affidavits.

*Posey,* 702 F.2d at 106. Other plaintiffs seeking equitable tolling have also failed to sufficiently allege the absence of posters with information about filing discrimination claims. *Unterreiner v. Volkswagen of America, Inc.,* 8 F.3d 1206, 1211 (7th Cir.1993) (plaintiff's statement that no notices were posted was insufficient to create a genuine issue of material fact when plaintiff could not recall what was on the bulletin board); *Barrett v. Frank,* 776 F.Supp. 1312, 1315 (N.D.Ill.1991) (equitable tolling not allowed when there was no indication that posters were not properly displayed). Thus, Johnson's claim should be dismissed under Rule 12(b)(6) because Johnson does not adequately allege that there were no notices posted.

However, even reading Johnson's complaint broadly and construing her allegation that she did not see any notices as inferring that no notices were posted, Johnson would not survive the Postal Service's motion for summary judgment. The Postal Service submits evidence that EEO notices were prominently displayed on bulletin boards near the employees' entrance and in the personnel office at the Fox Valley facility during October 1992. Keith Bigart Decl. at ¶¶ 2–3. In addition, EEO notices were prominently displayed in several locations at the O'Hare facility, where Johnson was employed during December 1992, in the administrative and personnel offices and on several employee bulletin boards accessible to all employees. Matrice J. Buckner Decl. at ¶¶ 3–4. These EEO notices state that an applicant who believes equal employment opportunity has been denied on the basis of physical handicap may complain to an authorized EEO representative within 30 days of the date of the alleged act of discrimination.[1] Bigart Decl., Exh. 1; Buckner Decl., Exh. 1.

Johnson argues that 29 C.F.R. § 1614.105(a)(2) requires the Postal Service to provide actual rather than constructive notice and that posting notices on bulletin boards may be reasonably geared to inform employees of the 45–day time limit but does not give applicants notice of the time limit. Both Johnson's arguments fail. First, the Postal Service's contention that Johnson had constructive notice is based on its compliance with the requirement for posting EEO notices in 29 C.F.R. § 1614.102(b)(6) (1993), which states in pertinent part:

In order to implement its program [to promote equal employment opportunity], each agency shall:

(6) Publicize to all employees and post at all times the names, business telephone numbers and business addresses of the EEO Counselors ..., a notice of the time limits and necessity of contacting a Counselor before filing a complaint and the telephone numbers and addresses of the EEO Directors, EEO Officer(s) and Special Emphasis Program Managers.

Notices posted by the Postal Service pursuant to 29 C.F.R. § 1614.102(b)(6) meet the notice requirement of 29 C.F.R. § 1614.105(a)(2). *Montgomery v. Frank,* 796 F.Supp. 1062, 1066–67 (E.D.Mich.1992); *Bailey v. Tisch,* 683 F.Supp. 652, 655–56 (S.D.Ohio 1988); *Connolly v. United States Postal Serv.,* 579 F.Supp. 305, 308 (D.Mass. 1984); *but see Cano v. United States Postal Serv.,* 755 F.2d 221, 222–23 (1st Cir.1985) ("presence or absence of posted notices does

---

1. Effective October 1, 1992, section 1614 of 29 C.F.R. superseded section 1613. The amended regulations increased employees' time to contact an agency's EEO counselor from 30 to 45 days. These posters reflect the old time limit.

not, standing alone, determine whether the limitations period should be tolled"); *Decker v. United States Postal Serv.,* 603 F.Supp. 503, 506 (W.D.Ky.1984) (poster inconspicuously placed on bulletin board with numerous other items insufficient to constitute constructive notice).

Johnson's second argument is inapposite. Even if Johnson reasonably failed to receive notice of the time limit because she did not see posters at the South Suburban or Fox Valley facilities during her application process, Johnson received constructive notice when she *worked* at the O'Hare facility. Johnson fails to rebut the Postal Service's evidence that EEO notices were posted at the O'Hare facility during December 1992. Buckner Decl. at ¶ 3–4. Although the posters included a 30–day time limit rather than the correct 45–day time limit, the posters put Johnson on notice that she had to initiate contact with an EEO counselor within a certain timeframe in order to bring a discrimination claim. Johnson's assertion that she did not notice what was on the employee bulletin boards because she did not think the notices applied to her as a casual employee is unpersuasive. Johnson Aff. at ¶ 22. As the Supreme Court has noted, "the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin,* 498 U.S. at 96, 111 S.Ct. at 458.

## 2. Discriminatory Act

■ Second, Johnson claims she had no reason to believe she had been discriminated against by the South Suburban facility at the time she received her rejection letter on November 2, 1992. Johnson Aff. at ¶ 25. Johnson's assertion that she did not know that a possibly discriminatory action occurred until she found out that the medical risk restriction was hypertension is unpersuasive. Johnson asserts that the letter rejecting her application did not specify her medical risk restriction. *Id.* at ¶ 16. Johnson explains:

At the time I received the rejection letter, I did not know what "medical risk restriction" prevented my employment. I thought that the examining physician

found something wrong with me that I was not previously aware of.

*Id.* at ¶ 17. Johnson was not informed that the problem was hypertension until she received a letter from the Postal Service's EEO counselor in late June 1993. Complaint ¶¶ 20–21. Thus, Johnson's argument is circular since she had already initiated contact with an EEO counselor in late June 1993 when she found out the medical risk restriction was hypertension; in fact, it was a letter from the EEO counselor that informed her that the problem was hypertension. Rather, Johnson realized she had a potential claim against the Postal Service after an unnamed friend advised her that she might have a claim of handicap discrimination. Johnson Aff. at ¶ 26.

■ In any event, Johnson's claim accrued on the day she received a letter informing her that she would not be hired by the South Suburban facility because she had been determined to have a medical risk restriction. An employment discrimination cause of action accrues when an adverse decision is made and communicated to the plaintiff. *See Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 449–50 (7th Cir.1990), *cert. denied,* 501 U.S. 1261, 111 S.Ct. 2916, 115 L.Ed.2d 1079 (1991); *Mull v. ARCO Durethene Plastics, Inc.,* 784 F.2d 284, 291 (7th Cir.1986). Equitable tolling is only proper when, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of her claim; accordingly, a reasonably prudent person would not have suspected that a possible violation of federal discrimination law had occurred. *Cada,* 920 F.2d at 451. Johnson had sufficient information to bring a claim after receiving the rejection letter on November 2, 1992. In fact, Johnson had no more information about her specific medical problem when she did eventually initiate contact with an EEO counselor on March 1, 1993. In addition, all Johnson's friend knew—when he or she suggested Johnson may have been illegally discriminated against—was that Johnson was not hired because of an unspecified medical risk restriction.

### 3. Estoppel

 Third, Johnson argues that the Postal Service is estopped from relying on a time-bar defense because it actively misled her or intentionally concealed information from her. This argument relies on the Postal Service's lack of response to Johnson's inquiries, in writing and by telephone, regarding her medical condition. First, whether the doctrine of estoppel applies against the government at all is not clear. *See Kennedy v. United States,* 965 F.2d 413, 417 (7th Cir. 1992). Second, even if estoppel may apply, Johnson's argument fails because, even without specific knowledge of her medical condition, Johnson had sufficient information to bring a discrimination claim and in fact did bring her discrimination claim without any further information about her medical condition. The Postal Service did nothing to stand in the way of Johnson's filing a discrimination claim, nor has any evidence been proffered to show that the Postal Service actively misled her. At most, the actions of the Postal Service constitute negligence.

### 4. Section 504

Finally, Johnson claims that the 45-day limitations period does not apply to her claim under § 504 of the Rehabilitation Act. However, as Johnson herself notes, the overwhelming authority suggests that the federal government cannot be sued under § 504 of the Rehabilitation Act. *McWright v. Alexander,* 982 F.2d 222, 225 (7th Cir. 1992) (listing citations); *Overton v. Reilly,* 977 F.2d 1190, 1193 (7th Cir.1992) (listing citations); *McGuinness v. United States Postal Serv.,* 744 F.2d 1318, 1321 (7th Cir. 1984). Even assuming, *arguendo,* that Johnson may bring a claim against the Postal Service under § 504, Johnson's § 504 claim would not be ripe because she has not exhausted her administrative remedies. *See Tuck v. HCA Health Serv. of Tennessee, Inc.,* 7 F.3d 465, 470–71 (6th Cir.1993) (exhaustion requirement applies to federal employees suing under § 504, citing two cases in which Postal Service employees sued the Postal Service).

### CONCLUSION

The Postal Service's motion to dismiss or, in the alternative, for summary judgment is granted. Judgement is entered for defendant Marvin T. Runyon, Jr., Postmaster General of the United States Postal Service, and against plaintiff Jessie Johnson.